### BLISS and BLISS *vs.* OTIS.

A party bringing a suit to recover a demand, in which he is beneficially interested in the name of another person, is liable for the defendant's costs, though he is not assignee of the entire demand.

Where the plaintiff's attorney endorsed upon the declaration served, a notice that he was the assignee of the demand sued on, and solely authorized to settle it ; on a motion against him for costs by the defendant who had prevailed, *held*, that he was precluded from controverting the facts thus stated.

MOTION on behalf of the defendant that C. Dewitt, who was alleged to be the person beneficially interested in the recovery of the demand for which this suit is brought, and who is the plaintiffs' attorney thereon, pay the defendant's costs, judgment having passed against the plaintiffs.

The action was assumpsit, commenced by declaration. On the copy served on the defendant the plaintiffs' attorney had endorsed a notice, that he was the proper and lawful assignee of all claims and demands which the plaintiffs had against the defendant, and that he alone was authorized to compromise and settle the amount due from the defendant, for which the suit was brought. Since judgment was entered the plaintiffs have made a motion in the cause which was denied with seven dollars costs. One of the plaintiffs on the record resides out of the state, and both are insolvent. The costs have been demanded of Mr. Dewitt, who refused to pay.

It was shewn, in opposition to the motion by the affidavits of the plaintiffs' attorney, that prior to the commencement of the suit one of the plaintiffs was indebted to him in about $700 ; that a few days before the suit was commenced the plaintiff so indebted agreed with the attorney that when the money alleged to be due from the defendant, and claimed in the suit, should be collected, the attorney might retain, out of the share thereof belonging to that plaintiff, the amount which he owed the attorney as before mentioned, and that it was expressly agreed that the suit should be prosecuted at the risk and charges of the plaintiffs therein, and that the attorney was to be paid for

prosecuting the suit whether the amount claimed was collected or not; that the suit was prosecuted under this arrangement, the attorney having no other interest.

*A. Taber*, for the defendant.

*R. W. Peckham*, for Mr. Dewitt.

*By the Court*, BEARDSLEY, J. Mr. Dewitt had an interest in the demand in suit, and was therefore liable for costs if the action was brought by him as a "person beneficially interested in the recovery." The statute is direct to this point. It declares, not only that the assignee shall be liable, but also "any person beneficially interested in the recovery." (2 *R. S.* 619, § 44; *Whitney* v. *Cooper*, 1 *Hill*, 629; *Miller* v. *Franklin*, 20 *Wend.* 630.) It is denied, however, by Mr. Dewitt, that the action was brought by him as a party interested, and he insists that he proceeded upon his retainer as an attorney, and in the ordinary course of professional employment. I deem it unnecessary to pass upon this view of the question in any aspect, for it is not denied that he gave notice to the defendant that he was absolute assignee of the demands in suit, and alone authorized to receive or compromise the same. By this he assumed to substitute himself fully and unreservedly for the plaintiffs, and thereby precluded all room for an arrangement of the matters in suit between the parties to the record. For the purpose of the present question, I think Mr. Dewitt must abide by the position he thus assumed, and that he cannot be allowed to change it in order to avoid the payment of costs.

Motion granted.