## SUPREME COURT.

### GILES agt. HALBERT.

Where a real plaintiff prosecuted a suit against the defendant for a penalty, under the statute, by virtue of a parol agreement to divide the amount, if successful, with the nominal plaintiff on record, and the defendant succeeded, *Held*, that the real plaintiff was liable for defendant's costs.

*Chenango Special Term, Dec.* 1850. This is a motion on behalf of the defendant, for an order compelling one Justus Parce to pay the costs of defending the above action, on the ground that he commenced and prosecuted the action to its termination, and was beneficially interested in the recovery in the same, within the provisions of 2 *R. S.*, 619, § 47. The action was instituted to recover the penalty given by 2 *R. S.*, 369, §37, against the defendant as sheriff for selling the plaintiff's real estate, without having advertised the same. On the trial the plaintiff was nonsuited, and a new trial denied on application to the court. The affidavits on behalf of the application show that Parce retained the attorney at his own expense to prosecute the suit, subpœnaed the witnesses, and attended the trial; and that Giles, the nominal plaintiff, had nothing to do with the prosecution of the cause. The agreement between him and Parce was, that Parce was to prosecute the action to judgment, at his own expense, and in case judgment was recovered, he was to pay seven hundred dollars of

it to Giles and retain the balance for himself. The agreement was by parol.

B. F. REXFORD, *for the Motion.*

CLARK & WAIT, *for Parce.*

SHANKLAND, Justice.—Parce brought the action in the name of Giles, and with his assent, to recover the penalty of one thousand dollars against the defendant. But it is claimed, that as the agreement between Giles and Parce was not in writing it is within the statute of frauds, and that therefore Parce was not beneficially interested in the recovery; and that the contract is also void for champerty (10 *Paige,* 352; 2 *Denio,* 607; 5 *Paige,* 301).

It is probably true, that as between Giles and Parce, the contract is void for both reasons; but is it competent to Parce to insist upon that objection on this motion? The statute on which this motion is made, was adopted for the benefit of defendants, in order to protect them against unfounded claims prosecuted for the benefit of *real* plaintiffs, but in the name of irresponsible ones; and should have a liberal construction, so as to effectuate the intent of the legislature.

It has been held that a person interested by way of mortgage, or lien, and who prosecutes the suit, is subject to the costs (1 *Hill* 629). So is he liable although an assignee of only part of the demand (1 *Denio,* 656). It seems to me, that the illegality of the contract between the *real* and *nominal* plaintiff, should not be received to defeat the defendant's right to costs. If the contract made between those parties, if legal, and carried out, according to its terms, would make the real plaintiff beneficially interested in the demand sued upon, and he actually causes the suit to be commenced, he should be held liable for the costs.

I therefore hold that the agreement of Parce to have a part of the penalty sued for, and his causing the action to be commenced and prosecuted, by virtue of such agreement makes him liable for the defendant's costs; and those costs having been personally demanded of him, without being paid, an attachment must issue against him.