The defendant, having recovered judgment against the plaintiff for costs in this action, obtained an order at special term requiring Justus Parce to pay such judgment, on the ground that Parce was the person who brought the action and also was beneficially interested in the recovery The order on appeal was affirmed at the general term, and Parce appeals to this court. *Page 34 
I think an appeal lies from the order made at general term. It was a final order, made upon a summary application, after judgment, and is within the express provision of the Code. (§ 11,sub. 3.) The effect of the order was to render a judgment, on summary application, against Parce, who was not a party to the record. There is even more reason for giving a review in such a case, than if the order had been made against a party to the record.
The application to charge Parce with the costs in judgment in this case, is made under 2 R.S., 619, § 44, which provides, that "where an action shall be brought in the name of another, by an assignee of any right of action, or by any person beneficially interested in the recovery in such action, such assignee or person shall be liable for costs in the same cases, and to the same extent, in which a plaintiff would be liable; and that the payment of such costs may be enforced by attachment." I think it is satisfactorily shown by the affidavits read on the motion, that the action was brought by Parce in the name of Giles, and that Parce had the entire management and control of it. This is alleged in the moving affidavits, and is not denied in the affidavit of Parce, or in any other of the resisting affidavits. Parce denies, that he took any assignment of the claim or of any part of it, or that he was the owner of it or of any part of it; but he does not deny, that he "was beneficially interested in the recovery." The statute extends not only to the assignee, but to a person "beneficially interested in the recovery," where the action is brought by the person so interested. (Bliss v.Otis, 1 Denio, 656; Whitney v. Cooper, 1 Hill, 629.) The whole testimony contained in the affidavits on both sides establishes the fact very satisfactorily, that the action was brought by Parce, under an agreement which secured him a beneficial interest in the anticipated recovery.
But it is contended that such agreement was void, because, 1st. The claim was not assignable; 2d. It was in violation *Page 35 
of the statute of frauds; and 3d. It was champertous. Conceding the agreement to have been void, for any or all the reasons above stated, can Parce avail himself of such invalidity, on this application? The injury is the same to the defendant, whether the agreement between Giles and Parce was good or bad. He has been subjected to the expense of defending a groundless action. It is not the agreement, but the act of Parce in bringing such action, of which the defendant complains, and for which he asks redress. The agreement between Giles and Parce was a matter to which the defendant was not a party, and over which he had no control and of which he had no knowledge. The injury was done to the defendant by the act of commencing and carrying on the suit, and if that was done with the bare consent of Giles, that such prosecution might be instituted for the benefit of Parce, then Parce was "beneficially interested in the recovery," within the terms of the statute. No mutually binding contract, and no agreement, beyond a bare consent on the part of Giles, was necessary to give Parce such a beneficial interest as would subject him to the costs of the defence.
But if it were otherwise, and if the contract were void for either of the reasons above stated, I do not see how Parce could avail himself of such an objection on this motion. Parce ought not to be permitted to avail himself of his illegal contract as a defence against an injury he has caused by it. After having had the full benefit of such contract, by prosecuting to a final determination of the controversy, he cannot be excused from the legal consequences of his own acts. As between Giles and Parce, the contract may be good or bad. But it cannot be good as between them, and bad as to third persons, not parties to it. They have considered it good, and have performed it as far as practicable. If the contract was valid, the recovery having failed, it would admit of no further performance. It is now too late to say that the contract was void. *Page 36 
The question, whether the contract between Giles and Parce was valid, is only important so far as it shows Parce to have been beneficially interested. So far it is now a contract executed. It has been as fully performed as if there had been to it no legal objection, by Parce claiming the interest and insisting upon its validity and prosecuting the claim to a final determination, and by Giles permitting him to do so. Parce has thus enjoyed all the beneficial interest that Giles himself could have done, if he had not transferred it to Parce. It is therefore a contract executed on both sides, and if it be illegal the law will leave the parties where it finds them. Even as between the parties, the law will not relieve against an executed illegal contract. (Yates
v. Foot, 12 Johns., 1; Fowler v. Van Surdam, 1 Denio,
560; Morgan v. Groff, 4 Barb. S.C.R., 528; Like v.Thompson, 9 Barb., 316.) And there is no good reason for permitting Parce to set up the illegality of the contract between him and Giles after a full enjoyment of all that was contracted for, viz., the privilege of trying the chances of a recovery. This application to compel Parce to pay, is not founded on the validity of any supposed agreement. It is more in the nature of a special action on the case to obtain compensation for a wrong done.
The order made at special term was properly modified by the general term so as to conform to the change made by the act of 1847 (Sess. Laws of 1847, ch. 390), by which process in nature of a fieri facias was substituted for an attachment.
The order of the supreme court should be affirmed with costs.