Justus Parce, the party against whom the order was made, and who made two affidavits in opposition to the motion, does not deny but that he caused the action against Halbert to be commenced, retained the attorney and counsel, looked up the witnesses and caused them to be *Page 37 
subpœnaed, and attended the trial as the party in interest, nor but that he was and agreed to be at all the expense and trouble of carrying on the suit. Nor does he allege that the nominal plaintiff took any part in the commencement or in the prosecution of the action from the beginning to the end of the litigation. The affidavits in support of the application affirmed these several facts, and called upon him to answer respecting them, and his silence shows that he could not deny what was alleged. It is established, then, that the suit was "brought" and prosecuted by Parce in the name of Giles, the nominal plaintiff. Parce was not the assignee of the right of action; and if he can be charged under the statute with these costs, it must be upon the ground that he was "beneficially interested in the recovery" which was sought to be had in the action. It is shown by the affidavit of Giles and his son, that Parce agreed to commence and carry on the suit at his own expense, and that by the arrangement, the recovery, which was expected to be $1000, was to be divided in the proportion of seven hundred dollars to Giles and three hundred dollars to Parce. The denial is not full or satisfactory. Parce swears he never took an assignment of the claim, and never purchased or owned it or any part of it. It is not alleged that he had received an assignment; and it may well be that the arrangement did not constitute him a purchaser or owner of any part of the demand. He is probably correct in supposing that no interest passed, the arrangement resting in contract and being executory. He also swears that he never made any such agreement as is detailed in the affidavits of Giles and his son, and that he never agreed to pay the defendant's costs, nor to pay Giles seven hundred dollars of the judgment, if one was recovered. But he does not say that an agreement, similar to the one charged, was not made, nor but that he was to have a part of the recovery, if one was obtained. His affidavit would be literally true, if the proportions into which the recovery was to be divided were different from those stated in the moving *Page 38 
affidavits. There is no satisfactory reason given why he should be at the expense of witnesses and counsel, and take the whole burthen of the prosecution upon himself, if he had no interest in the expected recovery. The idea advanced, that Parce's father had a similar cause of action and that this induced him to assist Giles, is not carried far enough, as it does not appear that such a suit was ever commenced. I am of opinion that the court below was right in considering the allegations in Giles' affidavit as substantially true.
It is not essential that a party should be interested in the entire demand to subject him to costs. Commencing and prosecuting the suit in the name of another, and being interested to any extent in the recovery, is enough to charge him. (2 R.S., 619, § 44; Whiting v. Cooper, 1 Hill, 629; Bliss v. Otis, 1Denio, 656.)
The counsel for Parce maintains that the arrangement between the latter and Giles was founded in champerty and was therefore unlawful and void; and hence, as Parce could not have enforced the agreement against Giles if there had been a recovery in the action, he was not legally interested in the demand. There are several answers to this argument: (1.) The fact assumed deprives Parce of the only apology he had for instituting the suit. If he had no interest in the demand, except under a champertous agreement, he has perverted the process of the court to purposes of injustice and oppression, and this was always punishable as a contempt. (4 Bl. Com., 285.) In Butterworth v. Stagg, (2John. Cas., 291,) a person had commenced a suit in the name of another, upon a promissory note in which he had no interest, and without the consent of the nominal plaintiff. The court declared it to be a contempt, and made an order requiring him to pay the costs. The consent of Giles to the use of his name in this case was a part of the alleged illegal agreement; and if the arrangement was void as to the division of the recovery, the consent was also void, and Parce is found prosecuting an action in the name of *Page 39 
Giles, without any legal authority whatever. The Revised Statutes declare any unlawful interference by any person with the process or proceedings in any action a contempt, punishable by fine and imprisonment; (2 R.S., 535, § 1, sub. 4;) and also that process of contempt may be resorted to in all cases "where attachments and proceedings as for contempts have been usually adopted and practiced in the courts of record to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party." (Id., sub. 8.) (2.) Parce cannot set up against the defendant that his contract with Giles was illegal. The court did not interfere in this case for the benefit of Giles, or on his motion. The defendant, on whose behalf the motion was made, was not in pari delicto. He was neither party or privy to the unlawful contract; and, as between the parties themselves, this contract was never disaffirmed until it was fully executed by the prosecution of the suit to judgment. The object of the statute was to give a remedy against a party bringing and prosecuting a suit for his own benefit, in whole or in part, in the name of another person. The wrong which it was intended to redress was the holding a man to costs and expense by the act of another for his own ends, where the form in which it was conducted was such as not to give the ordinary, direct remedy for the costs against such party. Suppose a person holding an apparent demand should promise to give it to another, and that other should prosecute upon it in the name of the former and have judgment against him: could he set up, in answer to an application against him for the defendant's costs, that the gift was void for want of delivery? Or suppose the transfer of a chose in action to be void as being parcel of an usurious agreement, or of a gaming contract, or a contract to defraud creditors, and the assignee to have himself brought an action in the name of the assignor, can there be a doubt but that he would be liable for the defendant's costs? I am of opinion that, quoad the remedy given by this statute, the parties *Page 40 
bringing the suit would in each of these cases be the party interested. They would have prosecuted in each case as Parce prosecuted here, in respect to their own interest, and to recover the value of such interest, and it would be no answer to the motion against them for costs, to say that their rights against the nominal plaintiff were imperfectly secured by reason of their participating in an illegal contract.
The order of the general term should be affirmed, with costs.
Judgment accordingly.