Parker, J.
The defendant, having recovered judgment against the plaintiff for costs in this action, obtained an order at special term requiring Justus Parce to pay such judgment, on the ground that Parce was the person who brought the action and also was beneficially interested in the recovery The order on appeal was affirmed at the general term, and Parce appeals to this court.
*34 I think an appeal lies from the order made at general term. It was a final order, made upon a summary application, after judgment, and is within the express provision of the Code. (§ 11, sub. 3.) The effect of the order was to render a judgment, on summary application, against Parce, who was not a party to the • record. There is even more reason for giving a review in such a case, than if the order had been made against a party to the record.
The application to charge Parce with the costs in judgment in this case, is made under 2 R. S., 619, § 44, which provides, that “ where an action shall be brought in the name of another, by an assignee of any right of action, or by any person beneficially interested in the recovery in such action, such assignee or person shall be liable for costs in the same cases, and to the same extent, in which a plaintiff would be liable; and that the payment of such costs may be enforced by attachment.” I think it is satisfactorily shown by the affidavits read on the motion, that the action was brought by Parce in the name of Giles, and that Parce had the entire management and control of it. This is alleged in the.moving affidavits, and is not denied in the affidavit of Parce, or in any other of the resisting affidavits. Parce denies, that he took any assignment of the claim or of any part of it, or that he was the owner of it or of any part of it; but he does not deny, that he “ was beneficially interested in the recovery.” The statute extends not only to the assignee, but to a person “beneficially, interested in the recovery,” where the action is brought by the person so interested. (Bliss v. Otis, 1 Denio, 656; Whitney v. Cooper, 1 Hill, 629.) The whole testimony "contained in the affidavits bn both sides establishes the fact very satisfactorily, that the action was brought by Parce, under an agreement which secured him a beneficial interest in the anticipated recovery.
But it is contended that such agreement was void, because, 1st. The claim was not assignable; 2d. It was in violation *35 of the statute of frauds; and 3d. It was champertous. Conceding the agreement to have been void, for any or all the reasons above stated, can Parce avail himself of' such invalidity, on this application ? The injury is the same to the defendant, whether the agreement between Giles and Parce was good or bad. He has been subjected to the expense of defending a groundless action. It is not the agreement, but the act of Parce in bringing such action, of which the defendant complains, and for which he asks redress. The agreement between Giles and Parce was a matter to which the defendant was not a party, and over which he had no control and of which he had no knowledge. The injury was done to the defendant by the act of commencing and carrying on the suit, and if that was done with the bare consent of Giles, that such prosecution might be instituted for the benefit of Parce, then Parce was “beneficially interested in the recovery,” within the terms of the statute. No mutually binding contract, and no agreement, beyond a bare consent on the part of Giles, was necessary to give Parce such a beneficial interest as would subject him to the costs of the defence.
But if it were otherwise, and if the contract were void for either of the reasons above stated, I do not see how Parce could avail himself of such an objection on this motion. Parce ought not to be permitted to avail himself of his illegal contract as a defence against an injury he has caused by it. After having had the full benefit of such contract, by prosecuting to a final determination of the controversy, he cannot be excused from the legal consequences of his own acts. As between Giles and Parce, the contract may be good or bad. But it cannot be good as between them, and bad as to third persons, not parties to it. They have considered it good, and have performed it as far as practicable. If the contract was valid, the recovery having failed, it would admit of no further performance. It is now too late to say that the contract was void.
*36 The question, whether the contract between Giles and Parce was valid, is only important so far as it shows Farce to have been beneficially interested. So far it is now a contract executed. It has been as fully performed as if there had been to it no legal objection, by Parce claiming the interest and insisting upon its validity and prosecuting the claim to a final determination, and by Giles permitting him to do so. Parce has thus enjoyed all the beneficial interest that Giles himself could have done, if he had not transferred it to Parce. It is therefore a contract executed on both sides, and if it be illegal the law will leave the parties where it finds them. Even as between the parties, the law will not relieve against an executed illegal contract. (Yates v. Foot, 12 Johns., 1; Fowler v. Van Surdam, 1 Denio, 560; Morgan v. Groff, 4 Barb. S. C. R., 528; Like v. Thompson, 9 Barb., 316.) And there is no good reason for permitting Parce to set up the illegality of the contract between him and Giles after a full enjoyment of all that was contracted for, viz., the privilege of trying the chances of a recovery. This application to compel Farce- to pay, is not founded on the validity of any supposed agreement. It is more in the nature of a special action on the case to obtain compensation for a wrong done. .
The order made at special term was properly modified by the general term so as . to conform to the change made by the act of 1847 (Sess. Laws of 1847, ch. 390), by which process in nature of a fieri facias was substituted for an attachment.
The order of the supreme court should be affirmed with costs.
Denio, J.
Justus Farce, the party against whom the order was made, and who made two affidavits in opposition to the mqtion, does not deny but that he caused the action against Halbert to be commenced, retained the attorney and counsel, looked up the witnesses and caused them to be *37 subpoenaed, and attended the trial as the party in interest, nor but that he was and agreed to be at all the expense and trouble of carrying on the suit. Nor does he allege that the nominal plaintiff took any part in the commencement or in the prosecution of the action from the beginning to the end of the litigation. The affidavits in support of the application affirmed these several facts, and called upon him to answer respecting them, and his silence shows that he could not deny what was alleged. It is established, then, that the suit was “ brought” and prosecuted by Parce in the name of Giles, the nominal plaintiff. Farce was not the assignee of the right of action; and if he can be charged under the statute with these costs, it must be upon the ground that he was “ beneficially interested in the recovery” which was sought to be had in the action. It is shown by the affidavit of Giles and his son, that Paree agreed to commence and carry on the suit at his own expense, and that by the arrangement, the recovery, which was expected to be $1000, was to be divided in the proportion of seven hundred dollars to Giles and three hundred dollars to Parce. The denial is not full or satisfactory. Parce swears he never took an assignment of the claim, and never purchased or owned it or any part of it. It is not alleged that he had received an assignment; and it may well be that the arrangement did not constitute him a purchaser or owner of any part of the demand. He is probably correct in supposing that no interest passed, the arrangement resting in contract and-being executory. He also swears that he never made any such agreement as is detailed in the affidavits of Giles and his son, and that he never agreed to pay the defendant’s costs, nor to pay Giles seven hundred dollars of the judgment, if one was recovered. But he does not say that an agreement, similar to the one charged, was not made, nor but that he was to have a part of the recovery, if one was obtained. His affidavit would be literally true, if the proportions into which the recovery was to be divided were different from those stated in the moving *38 affidavits. There is no satisfactory reason given why he should he at the expense of witnesses and counsel, and take the whole burthen of the prosecution upon himself, if he had no interest in the expected recovery. The idea advanced, that Farce’s father had a similar cause of action and that this induced him to assist Giles, is not carried far enough, as it does not appear that such a suit was ever commenced. I am of opinion that the court below was right in considering the allegations in Giles’ affidavit as substantially true.
It is not essential that a party should be interested in the entire demand to subject him to costs. Commencing and prosecuting the suit in the name of another, and being interested to any extent in the recovery, is enough to charge him. (2 R. S., 619, § 44; Whiting v. Cooper, 1 Hill, 629; Bliss v. Otis, 1 Denio, 656.)
The counsel for Farce maintains that the arrangement between the latter and Giles was founded in champerty and was therefore unlawful and void; and hence, as Farce could not have enforced the agreement against Giles if there had been a recovery in the action, he was not legally interested in the demand. There are several answers to this argument: (1.) The fact assumed deprives Farce of the only apology he had for instituting the suit. If he had no interest in the demand, except under a champertous agreement, he has perverted the process of the court to purposes of injustice and oppression, and this was always punishable as a contempt. (4 Bl. Com., 285.) In Butterwoorth v. Stagg, (2 John. Cas., 291,) a person had commenced a suit in the name of another, upon a promissory note in which he had no interest, ‘ and without the consent of the nominal plaintiff.' The court declared it to be a contempt, and made an order requiring him to pay the costs. The consent of Giles to • the use of his name in this case was a part of the alleged illegal agreement; and if the arrangement was void as to the division of the recovery, the consent was also void, and Farce is found prosecuting an action in the name of *39 Giles, without any legal authority whatever. The Revised Statutes declare any unlawful interference by any person with the process or proceedings in any action a contempt, punishable by fine and imprisonment; (2 R. S., 535, § 1, sub. 4;) and also that process of contempt may be resorted to in all cases “ where attachments and proceedings ás for contempts have been usually adopted and practiced in the courts of record to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party.” (Id., sub. 8.) (2.) Parce cannot set up against the defendant that his contract with Giles was illegal. The court did not interfere in this case for the benefit of Giles, or on his motion. The defendant, on whose behalf the motion was made, was not in pari delicto. He was neither party or privy to the unlawful contract; and, as between the parties themselves, this contract was never disaffirmed until it was fully executed by the prosecution of the suit to judgment. The object of the statute was to give a remedy against a party bringing and prosecuting a suit for his own benefit, in whole or in part, in the name of another person. The wrong which it was intended to redress was the holding a man to costs ' and expense by the act of another for his own ends, where the form in which it was conducted was such as not to give the ordinary, direct remedy for the costs against such party. Suppose a person holding an apparent demand should promise to give it to another, and that other should prosecute upon it in the name of the former and have judgment against him: could he set up, in answer to an application against him for the defendant’s costs, that the gift was void for want of delivery? Or suppose the transfer of a chose in action to be void as being parcel of an usurious agreement, or of a gaming contract, or a contract to defraud creditors, and the assignee to have himself brought an action in the name of the assignor, can there be a doubt but that he would be liable for the defendant’s costs ? I am of opinion that, quoad the remedy given by this statute, the parties *40 bringing the suit would, in each of these cases be the party interested. They would have prosecuted in each case as Parce prosecuted here, in respect to their own interest, and to recover the value of such interest, and it would be no answer to the motion against them for costs, to say that their rights against the nominal plaintiff were imperfectly seemed by reason of their participating in an illegal contract.
The order of the general term should be affirmed, with costs.
Judgment accordingly.