## SUPREME COURT.

### John R. Wheeler, receiver agt. Nehemiah Wright and others.

Where an action is brought by a *receiver*, appointed in supplementary proceedings, and in pursuance of the order appointing him, to set aside a prior conveyance of real estate made by the judgment debtor, the *judgment creditor* not made a party is not liable for the *costs* of the action, where the defendants succeed.

*Steuben Special Term, May,* 1862.

Motion to compel Eben Wheeler to pay the costs of the action to the defendants. Eben Wheeler was the judgment creditor of the defendant Nehemiah Wright. In proceedings upon the judgment, supplementary to execution, the plaintiff was appointed a receiver. In the order appointing the receiver, he was directed to bring an action to set aside a conveyance of certain real estate which the judgment debtor had previously made to his son, under circum-

stances somewhat suspicious, as disclosed by the debtor on his examination under the judge's order. The action was brought in pursuance of the order of the court, by the plaintiff, without consulting the judgment creditor, who neither employed the attorney nor did any other act by way of bringing or carrying on the action. The defendants succeeded in the action, and are unable to collect their costs from the plaintiff.

J. B. FINCH, *for motion.*

G. M. OSGOOD, *opposed.*

JOHNSON, Justice. If this motion can be granted it must be upon the ground that Eben Wheeler, the judgment creditor, was beneficially interested in the recovery in the action. It must be conceded that had the plaintiff succeeded in the action, the recovery would have been for the exclusive benefit of the judgment creditor. But this is not enough to charge a person not a party, with the costs of the action. The statute (2 *R. S.*, 619, § 44, *5th ed., vol.* 3, 909, § 10) relates only to actions " brought in the name of another by an assignee of any right of action, or by any person beneficially interested in the recovery in such action." No matter to what extent the person sought to be charged, who is not a party, may be interested in the recovery, if in truth he is not chargeable with having *brought the action*, he is not chargeable with the costs. (*Giles* agt. *Halbert*, 2 *Kern.*, 32; *Whitney* agt. *Cooper*, 1 *Hill*, 629; *Miller* agt. *Adsit*, 18 *Wend.*, 672.)

This is the only test, as shown by all these cases. Indeed the language of the statute is too plain and explicit to admit of any other construction.

This of course has no reference to the class of cases provided for by section 321 of the Code, where the cause of action is assigned after the action is commenced.

The motion must therefore be denied, with costs.