GEORGE VOORHEES, Appellant, *v.* MATTHEW McCARTNEY, Respondent.

An attorney who brings an action in the name of another, in which he is beneficially interested by virtue of an agreement, by which he is to have a portion of the recovery as compensation for his services, is liable, the same as the plaintiff, for defendant's costs (2 R. S., 619, § 44). His liability has not been affected by the provision of the Code (§ 303) legalizing such agreements.

(Argued September 24, 1872; decided January term, 1873.)

APPEAL from an order of the General Term of the Supreme Court in the seventh judicial district, affirming an order made at a Special Term.

The order directed that Robert L. Dorr, plaintiff's attorney, pay to the defendant in this action his taxed bill of costs on the hearing of the motion before a referee, to whom it was referred to take the proofs of the facts.

It appeared that one Israel Canfield, in May, 1863, being then a resident of this State, and about to remove therefrom, and having, as he claimed, a cause of action against the defendant, consulted Dorr in regard to it; and was advised by him that his claim was valid, and that its collection could be inforced. Dorr then received the claim for collection, under an agreement in writing that he was to

have a sum equal to one-half of the demand if he collected it, besides his costs, when collected; and if he failed to collect anything he was not to be compensated for his services. As Canfield was about to remove from the State, to save the necessity of filing security for costs, Dorr advised Canfield to assign his claim to some resident of this State, suggesting the name of George Voorhees, the plaintiff, who was then insolvent, and so believed to be by both Dorr and Canfield. Voorhees took an assignment of the claim, and gave his promissory note to Canfield for $100, ostensibly as a consideration for the assignment, but with the understanding that it would never be treated as an obligation against him, and it has not; and with the understanding, also, between Canfield, Dorr and Voorhees, that although the legal title to the claim was, by the assignment, vested in Voorhees, he was not to claim any interest in what should be collected; and that whatever was collected should be for the benefit of Canfield and Dorr. The latter then, by himself as the attorney, commenced the action to recover the demand. Upon the trial of the action plaintiff was nonsuited. A judgment was perfected in favor of the defendant for $245.99 costs; upon which an execution was issued, and returned wholly unsatisfied. The referee reported the evidence and the facts found by him substantially as here stated, with his conclusion that Dorr was beneficially interested in the subject of the action; and the court ordered that he pay to the defendant his taxed costs in the same.

*John H. Reynolds* for the appellant. It is lawful for an attorney to agree to receive a portion of the recovery for his compensation in lieu of other reward. (Code, § 303; *Satterlee* v. *Fraser*, 2 Sandf., 141; *Barry* v. *Whitney*, 3 id., 420; *Benedict* v. *Stuart*, 23 Barb, 420; *Easton* v. *Smith*, 1 E. D. Smith, 318; *Wilde* v. *Joel*, 15 How. Pr., 329; *Stow* v. *Hamlin*, 11 id., 452; *Hitchings* v. *Van Brunt*, 5 Abb. [N. S.], 272.)

*John A. Van Derlip* for the respondent. In an action brought by an assignee of a right of action or a person beneficially interested in the recovery, such assignee or person is liable for costs the same as the plaintiff. (3 R. S., 5th ed., 909, § 44; *Schoolcraft* v. *Lathrop,* 5 Cow., 17; *Colvard* v. *Oliver,* 7 Wend., 497; *Bendernagle* v. *Cocks,* 19 id., 151; *Jordan* v. *Sherwood,* 10 id., 622; *Whitney* v. *Cooper,* 1 Hill, 629; *McHench* v. *McHench,* 7 id., 204; *Bliss* v. *Otis,* 1 Den., 656; *Giles* v. *Halbert,* 12 N. Y., 32.)

GRAY, C. This case is not distinguishable in principle from that of *Bliss* v. *Otis* (1 Denio, 656, 657). In that case, as in this, the attorney by whom the action was brought was held liable for the defendant's costs, and the evidence of his liability was that one of the plaintiffs, in whose name he brought the action, was a non-resident and the other insolvent; and upon the copy of the declaration served upon the defendant he indorsed a notice that he was the assignee of the claim sued upon, and alone authorized to compromise and settle it. In the present case the plaintiff upon the record was insolvent; and the attorney was, by the agreement under which he undertook the prosecution of the action, beneficially interested in the recovery therein in a sum equal to one-half of the demand sued upon, besides his costs; and the agreement not only provided that he should have that sum if successful, but, in the event of his failure to collect the demand, he should not be compensated for his services even by the payment of the taxable costs. That he was beneficially interested in the recovery sought by the action is palpable; and it is not material that he was not interested in the entire amount of the demand involved in the action, but sufficient that he was beneficially interested in the recovery. (*Giles* v. *Halbert,* 12 N. Y., 32, 38.) Omitting any consideration in relation to Dorr's procurement of an insolvent and merely nominal plaintiff as a substitute for security for costs which a non-resident plaintiff must have given if required, and for which Dorr himself would, if secu-

rity had not been demanded, have been liable in a given amount, it is sufficient, for all the purposes of this case, that, on account of his interest in the demand, he sought to recover in the name of a plaintiff who was insolvent. The statute has imposed upon him the full liability which it was the object of the order appealed from to inforce. It was urged that the change wrought by the Code (§ 303) in allowing attorneys, solicitors and counsel, in civil actions, to bargain for contingent fees, and to become, by way of compensation for services, beneficially interested in the recovery of the claim sued upon, which, before the Code, was forbidden under a penalty, has legalized the contract made by Dorr. In this the counsel was mistaken. The repeal of former laws upon that subject made such transaction by lawyers only tolerable by leaving such of them as might choose to embark in such enterprises upon the same footing with other speculators; any one of whom may employ an attorney to bring an actio 1, in which he is beneficially interested, in the name of another. But in any such case he, by statute, incurs a liability to pay the defendant's costs, to the same extent in which the plaintiff upon the record would be liable; and no exception is made in favor of attorneys. (See 3 R. S., 5th ed., §§ 11, 44, and *Giles* v. *Halbert*, cited above.)

The order of the General Term, affirming the order appealed from, should be affirmed.

All concur.

Order affirmed.