## SUPREME COURT.

ANDREW B. GALLATION, Receiver, agt. LEWIS M. SMITH and
FRANCIS G. HALL.

*When judgment creditors will be charged with costs.*

Where judgment creditors procure an action to be brought in the name of
a receiver appointed in supplementary proceedings instituted by them,
they will be charged, on motion, with the costs of a successful defense
of the action.

Where it appears that a receiver did not commence an action on his own
responsibility, but that he allowed the judgment creditors to use his name
and they employed the attorneys for the receiver, the action thus insti-
tuted by such attorneys, in the name of the receiver, will be deemed to
have been " brought" by such creditors.

*Tompkins Special Term, February* 13, 1875.

MOTION by defendants to charge Lomore Bros. & Co.
with the payment of the costs of this action, entered in a
judgment in favor of the defendants against plaintiff.

The moving affidavits showed that Lomore Bros. & Co.,
judgment creditors, instituted supplementary proceedings
against one Coke, and therein had the plaintiff Gallation
appointed receiver; that thereupon this action was brought
to reach Coke's property, alleged to be in defendants' hands,
and to obtain satisfaction of Lomore Bros. & Co.'s judgment;
the receiver did not commence the action on his own respon-
sibility, but at the instance and request of the attorneys for
said judgment creditors, and such attorneys conducted the
action, he permitting them to use his name and they not being
employed by him or expecting pay from him, but acting for

said creditors. The action was not sustained, and judgment for costs was entered against the receiver, which remained unpaid.

The affidavits in behalf of the judgment creditors in opposition to the motion, controverted the moving affidavits and denied that there had been any interference on their part sufficient to make them chargeable with having brought the action, or liable for the costs.

The other facts appearing, are sufficiently stated in the opinion.

*David B. Hill*, for the motion.

*E. P. Hart*, contra.

BOARDMAN, *J.* — If Lomore Bros. & Co., by themselves or their attorneys, brought this action in order to secure payment of their debt against Coke, they should be made to pay the costs incurred by defendants.

It is conceded that Lomore Bros. & Co. conducted the supplementary proceedings to discover property of Coke; that certain property of Coke's, in defendants' hands as collateral security, was discovered; that they or their attorneys thought said property was more than sufficient to pay defendants' debt against Coke, and was sufficient in addition to pay L. B. & Co.'s debt; that on the same day of such discovery, plaintiff was appointed receiver, on the basis of such supplementary proceedings, by the attorneys of L. B. & Co., who had also acted on such supplementary proceedings; that the same attorney, thereupon begun this action in the name of the receiver, and that L. B. & Co. alone would receive the proceeds of any judgment plaintiff might recover and collect in the action. Beyond this there is some controversy.

According to plaintiff's affidavit he did not employ the attorneys, or expect or agree to pay them, but that they were employed by and acted for L. B. & Co.; that plaintiff simply

Gallation agt. Smith.

allowed the use of his name, as receiver, at the request of L. B. & Co.'s attorneys, and for their benefit, with an agreement that he should in no event be put to any trouble, costs, or expenses, except the mere formal trouble necessary in signing the legal paper necessary in the action ; that the action was conducted by L. B. & Co., and their attorneys, and that L. B. & Co. recognized such attorneys as acting in their behalf, but only upon an adventure. This evidence is corroborated by the affidavits of James Wright, Geo. A. Brush and Lewis M. Smith.

In opposition, we have a number of affidavits. They do not deny that the writ was brought to collect L. B. & Co.'s debt; that they knew it was to be bought by their attorneys, and assented to its being brought, upon the understanding that they could not be made liable for costs, and that during its pendency they recognized it as their action.

Under such circumstances, I am inclined to hold that the action was brought in the plaintiff's name by L. B. & Co., for their own sole and exclusive benefit, and by their own attorneys acting in their behalf.

The facts that L. B. & Co.'s attorneys, acting in their behalf in the collection of this debt, conducted the supplementary proceedings, discovered what they thought were available assets in defendants' hands, procured the appointment of a receiver, and brought this action with the knowledge and consent of L. B. & Co., all on the same day, ought to satisfy me, I think, that they were the sole parties in interest and the persons who procured the action to be brought.

It is certainly apparent that Hart and Tomlinson were the attorneys of L. B. & Co., in the supplementary proceedings, and continued to act as such in the new action, with the knowledge and assent of L. B. & Co.

This constitutes sufficient evidence of a retainer in that action. No one pretends they were retained by the plaintiff or Coke, or that any other person than L. B. & Co. had any pecuniary interest in having it brought, or in its results.

Gallation agt. Smith.

Under such circumstances, and under the authorities, I deem it just that L. B. & Co. should pay the costs incurred by the defendants in their successful defense.

The following cases illustrate the application of this rule: *McHench* agt. *McHench* (7 *Hill*, 204); *Whitney* agt. *Cooper* (1 *Hill*, 629); *Giles* agt. *Holbert* (12 *N. Y. R.*, 32); *Cutler* agt. *Reilly* (31 *How. Pr. R.*, 472); *Bliss* agt. *Otis* (1 *Denio*, 656; 2 *R. S.*, 619, § 44).

The action was brought without leave of the court, and thus furnishes an additional reason why the costs should be charged to the real plaintiff, if the facts are such as to justify it.

The motion of defendants is therefore granted, but without costs of this motion.