ALEXANDER C. MORRISON, APPELLANT, *v.* CHARLES S. LESTER, RESPONDENT.

*Code,* § 321, *not repealed by Code of Civil Procedure,* § 15 — *liability conferred by, how enforced.*

Section 321 of the Code, rendering one taking an assignment of a cause of action, after the commencement of an action thereon, liable for the costs, was not repealed by section 15 of the Code of Civil Procedure.

··Payment of the costs by such assignee cannot be enforced by a *capias·ad satis-
. faciendum.*

·A bailable attachment, returnable before the court, should be issued, and upon
the return thereof the court should determine whether or not he wrongfully
·refuses to pay the costs. He cannot·be·compelled·to· do more than to apply
such property as he has to their payment.

APPEAL from an order made at Special Term, authorizing an attachment to issue against Thomas J. Clarke, the assignee of the plaintiff, to compel him to pay the costs in this action.

The action was brought to ·collect a claim of $5,000, and about twenty years' interest. After the action was commenced, and at issue, Thomas J. Clarke took an assignment of the ·action ·and ·cause of action for one dollar, and continued the prosecution of it.

The complaint was dismissed, and judgment entered in favor of ·defendant for $319.96 costs, June 26, 1876. The nominal plain-·tiff being wholly insolvent, a motion was made to compel the assignee to pay the judgment under section 321 of the Code of ·Procedure. An order was made at Special Term, on the 19th ·day of June, 1877, directing the payment of the judgment by said assignee, and authorizing an execution against his personal prop-·erty to collect the same; upon its return unsatisfied, a precept was ·issued, requiring the sheriff to attach the body of the said assignee and commit him to the common jail of the ·county to which·such execution was issued, and to ·keep and to detain him in custody ·until he should pay said judgment and the costs of the motion.

From the latter part of this order authorizing the attachment ·of the body of the said Clarke, he appealed to the General Term ·of this court, and the same was reversed, on the ground that the ·same directed a process different from 'that intended by the word ·"attachment" as used in the statute. (11 Hun, 618.)

Afterward, and on the 21st day of May, 1878, the defendant ·again moved, at Special Term, for an order authorizing an attach-·ment to issue against said Clarke, and upon that motion an order ·was granted "that a writ of *capias ad satisfaciendum* issue out of ·and under the seal of this court, directed to the sheriff of the ·county of Saratoga, commanding him to take the said Thomas J. Clarke, if he shall be found in the said county, and him safely ·keep, so that the said sheriff may have his body before the justices ·of the Supreme Court of the State of New York, or some one of

them, at a Special Term of the said court, to be held at the court-house in Ballston Spa, Saratoga county, on the 21st day of October, 1878, to satisfy the said judgment in favor of said defendant against said plaintiff, for his costs and disbursements herein, and that the said sheriff have then and there the said writ."

*E. F. Bullard,* for the appellant.

*Charles C. Lester,* for the respondent.

LEARNED, P. J.:

The first question to be considered is whether section 15 of the Code of Civil Procedure repeals section 321 of the Code of Procedure. This section 15 is only a re-enactment, not well expressed, of section 2, chapter 390, Laws 1847. Section 321 was passed long after 1847. There is no reason, therefore, to construe the re-enactment of section 2 of that act to be intended as a repeal of section 321 of the Code. Besides, section 321 of the Code has reference to final as well as to interlocutory costs; section 15, Code of Civil Procedure, refers to interlocutory costs only.ˑ Furthermore, the repealing act, chapter 417, Laws 1877, excepts section 321, thus recognizing it as in force.

When this case was here before, we decided that the word "attachment," in section 321, meant attachment against the person, not against property. (*Morrison* v. *Lester,* 11 Hun, 618.) If section 321 conflicts with the Code of 1847, it is later and controls. The general tone of legislation at the present day is against imprisonment for mere debt. This should make us scrutinize any enactment which seems to tend in the opposite direction, but not disregard its fair meaning. *Giles* v. *Halbert* (12 N. Y., 32), arose on the provision of the Revised Statutes. (2 R. S., m. p. 619, § 47 [44].) The last clause of that section is : "And the payment of such costs may be enforced by attachment." It was held that the act of 1847 substituted process in the nature of a *fi. fa.,* for an attachment. But, after the passage of the act of 1847, the Legislature, in the. Code, twice adopted again the same phrase, that certain costs may be enforced by attachment; sections 316, 321. This takes such cases out of the effect of the act of 1847. (*Grantman* v. *Thrall,*

31 How., 464.)   And the defendant is entitled to enforce these costs by attachment against Clarke.

The learned justice whose order is appealed from followed the decision in the case last cited, which holds that the attachment to be granted is a *capias ad satisfaciendum*.   That point we did not decide when the case was here before.   We are reluctantly compelled to disagree with the view taken in that case.   A *capias ad satisfaciendum* is a species of execution, issued to imprison the debtor, after judgment recovered, until he makes satisfaction. (3 Black. Com., 414.)   It is a judicial writ, issuing in the regular progress of the cause.   (1 Burrill Pr., 308.)   It is not, in any sense — even in theory — a criminal process.   On a *ca. sa.*, the sheriff must take the person, and keep him in custody, (or on the limits,) and an escape makes the sheriff liable.   On the contrary, an attachment is a criminal process in form.   It issues in the name of the people against the supposed offender.   It is, in theory, granted on account of some supposed contempt.   (4 Bl. Com., 284.)   It is merely intended to bring the party into court, as is expressed in 2 R. S., m. p. 536, § 5.   The officer to whom an attachment is issued is bound only to have the person in court at the return-day.   He could not be liable to pay the debt, as on an escape, because the person was out of custody meantime.

It is not necessary to pursue the distinctions further.   An attachment is a process, in form criminal, though in fact civil, issued to bring a person before the court at a fixed return-day. It is usually bailable in an amount specified by the officer.   (2 R. S., 537, §§ 13, 14, 15.)   When the person has given bail, he is not restricted to the jail limits, as in the case of bail to a *ca. sa.*

We think, then, that the process issued should be a bailable attachment, returnable before the court.   And if it be asked what further proceedings on the return of the attachment, it seems to us that the question must be then examined by the court whether the party wrongfully refuses to pay these costs.   The judgment is no lien against Clarke's real estate; nor is there any execution to create a lien on his personal property.   But the Code says that he is liable for these costs; and on the return of the attachment, it should be inquired whether he wrongfully refuses to pay.   That includes an inquiry as to his ability to pay, and as to his refusal

to apply his property to this debt. There is nothing unusual in such an inquiry. Similar investigations are constantly made in proceedings supplementary to execution.

We are aware that in the case of *Grantman* v. *Thrall*, above cited, it is said that the poverty of the guardian is no defense to the motion; and according to the views there stated, Clarke should be imprisoned on a *ca. sa.*, whether or not he has any means to pay these costs. We do not think that is correct. There is no reason why he should be subject to a greater liability than the plaintiff himself. His liability must be enforced differently, because there is no lien by judgment or execution. But his liability can only be this, that he must apply his property, if he has any, to pay these costs.

The order, then, should be modified so as to direct the issue of an attachment, bailable in such amount and returnable at such time as the court below may direct. No costs to either party on this appeal.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Ordered accordingly.