By the Court.—Sedgwick, Ch. J.
To justify the order appealed from it was necessary to show that the appellant had brought the action in the name of another, and that he was beneficially interested in the recovery (2 R. S. 619, § 44). There was no doubt that lie was beneficially interested in the recovery, within the meaning of the statute. On the other hand, there was no doubt that he had not interfered with the progress of the action after it was begun. -He had not specifically _ directed any proceeding, nor had been consulted at any stage; nor had he furnished money for the action. The plaintiff had promised to begin and prosecute at her own expense. He did not retain or appoint the attorney.
The statute, however, does not place the responsibility of a third party upon these incidents. They are important as evidence as to his relation to the bringing of the action, but the statute makes the liability complete, if within its meaning he has brought the action in the name of the plaintiff (Wheeler v. Wright, 14 Abb. Pr. 353).
It is manifest that, so far as the form of the action is concerned, the plaintiff is the only person that can be said to bring it. The acts of his attorney as his agent are his acts. The statute, however, considers that'some one may bring the action, while he is not plaintiff. An instance is: an attorney who, beneficially interested as a matter of fact, brings the action, is liable for costs (Voorhees v. McCartney, 51 N. Y. 387; Bliss v. Otis, 1 Den. 656). Also, a third party who appoints an attorney who, as matter of fact brings the action, is liable (Giles v. Halbert, 12 N. Y. 32; Whitney v. Cooper, 1 Hill. 629).
It is clear that when a third party directly causes another to bring an action, leaving such other to appoint his own attorney, he is liable for costs, if he also be beneficially interested in the recovery.
*354 Of course such action must be brought by the third party in the name of another; that is, the plaintiff must not act for himself upon a substantive right of his own that-exists independent of the claim of interest of the third party, but if he acts for the benefit of the -third as well as for himself, the case is within the statute. Giles v. Halbert (supra), is such a case. In that case it may be, that so far as the bringing of the action w.as concerned, it was held that the third party was liable because he had retained the attorney, yet it was also held that it was brought in the name of another, although the plaintiff was the person in whose favor the cause of action originally accrued, and who still had a right in it.
In this case the third party, the appellant, assigned to the plaintiff the whole cause of action." If that had been all there would be no ground for saying that the appellant had brought the action, nor that he had brought it in the plaintiff’s name. But the consideration of that assignment was a contract by the plaintiff that she would begin arid prosecute the action at her own expense, and that when the claim was collected she would pay to the assignor one-half of the amount received by her, over and above all costs.
This contract was more than a request to bring the action ; it was a demand that it should be brought, and when the plaintiff begun the action she did not bring it in the exercise of her independent right as owner of the claim, but under the demand of the contract.
I am therefore of the opinion that the order appealed from should be affirmed, with $10 costs.
Freedman, J., concurred.