By the Court.
Freedman, J.
The appeals present the question whether Hart & Bamberger, the attorneys of record for the plaintiff, are liable to the defendant who *179 recovered judgment, for the costs of the action on the ground that they were beneficially interested in the action by virtue of an agreement by which they were to have a portion of the recovery as compensation for their services. That under section 44, chapter X., title I., part III. of the Revised Statutes they would have been so liable, if both shared in the agreement, was expressly decided in Voorhis v. McCartney (51 N. Y. 387). In Sussdorff v. Schmidt (55 N. Y. 325), it is true, a statement to the contrary may be found, but such statement is a mere dictum which was made without reference to the statute. In case it were necessary to decide which of the two cases should be followed, the preference would have to be given to Voorhis v. McCartney, on the ground that it is an express adjudication on the very point under the statute.
Section 321 of the Code provided a further remedy against the assignee of a cause of action after action brought. Section 44 of the Revised Statutes, and section 321 of the Code, were both repealed by chapter 245 of the laws of 1880, and in place thereof a new provision was substituted by section 3247 of chapter 178 of the laws of 1880, entitled “An Act Supplemental to the Code of Civil Procedure.” But this new section (§ 3247) expressly exempts attorneys from liability for costs, as follows: “ But this section does not apply to a case, where the person so beneficially interested is the attorney or counsel for the plaintiff, if his only beneficial interest consists of a right to a portion of the sum or property recovered, as compensation for his services in the action.”
In the case at bar the action was brought in 1878, and the judgment for costs for which Hart & Bamberger are sought to be held liable, was recovered in August, 1882. At the time of such recovery, section 3247 of the Code of Civil Procedure was already in force, and the question therefore is, whether that section, or the prior law, is to control. There is no claim that Hart & Bamberger held any assignment. The most that is claimed is that Hart *180 & Bamberger were, or that at least Bamberger was, bene ficially interested in the action by virtue of an agreement with the plaintiff for the receipt of a portion of the recovery as compensation for services to be rendered.
The solution of the question of liability depends upon the effect to be given to several saving clauses. They have been carefully examined in the light of the points and the arguments submitted on both sides, and the conclusion reached is somewhat at variance with the view entertained by me in one of the early stages of this litigation, when I did not have the benefit of any argument.
Section 3347 of the Code of Civil Procedure saves a great number of proceedings in actions commenced before September 1, 1880, but does not affect the question of liability now under investigation. Section 3 of chapter 245 of the Laws of 1880, saves, from the operation of the repealing clauses of that statute, any right “ lawfully accrued or established before this act takes effectSection 3352 of the Code of Civil Procedure contains a similar saving clause in favor of rights lawfully accrued or established, &c.
Under the two saving clauses last referred to, and no others have been cited as bearing upon the question under examination, it is not enough that the action was commenced before the enactment of section 3247. To succeed in his application the defendant must show that his right to the costs of the action lawfully accrued or was established before the section went into effect.
As costs relate merely to the remedy, and as their recovery and taxation are regulated solely by the provisions of the statute in force at the time of the recovery of a judgment, the defendant never had a lawfully accrued or established right to the costs of the action within the true intent and meaning of said saving clauses until he recovered judgment against the plaintiff in August, 1882.
The conclusion is therefore unavoidable that, inasmuch as in August, 1882, there was no statute in existence under which an attorney could be compelled to pay *181 costs on the ground that he had a beneficial interest in the action by virtue of an agreement for the receipt of a portion of the recovery as compensation for his services, the orders appealed from were properly made. This being so, the subordinate questions involved in the appeals need not be considered.
The orders appealed from must be affirmed, with costs.
Ingraham, J., concurred.