DAVID K. McCARTHY AND OTHERS, RESPONDENTS, *v.* ISAAC N. WRIGHT AND ANOTHER.

ISAAC B. RICHMOND, ASSIGNEE, ETC., APPELLANT, IMPLEADED, ETC.

*Assignee — liability of, for costs in an action of replevin begun against his assignors prior to the assignment, and continued thereafter.*

In an action of replevin, where a sale of the goods replevied was sought to be avoided on the ground of fraud, the defendants appeared and answered, and shortly thereafter made a general assignment for the benefit of their creditors. The assignee was never made a party to the action, and the property, having been delivered to the plaintiffs under the process in replevin, never came into his possession. The action was afterwards tried and the defendants recovered judgment, which was reversed on appeal. Thereafter a motion was made by the plaintiffs to substitute the assignee as a party defendant, which resulted in an order that the assignee should be made a party unless the defendants should, within ten days, serve upon the plaintiffs an offer of judgment for the retention of the goods replevied, with costs to the date of the offer. Such an offer was subsequently made and accepted.

The plaintiffs having failed to collect the costs from the defendants, obtained an order at Special Term requiring the assignee to pay them from the money in his hands belonging to the assigned estate.

*Held,* that the assignee was not liable, under the provisions of section 3247 of the Code of Civil Procedure, for such costs

That a claim by the plaintiffs that in an action of replevin both parties are to be regarded as plaintiffs could not be sustained.

That under the facts of this case no liability was created upon the part of the assignee, who neither took part in the defense of the action nor in any way interfered with the case.

APPEAL by Isaac B. Richmond, as assignee of the defendants above named under a general assignment for the benefit of creditors, from an order, entered in the office of the clerk of the county of Herkimer on May 17, 1889, directing the said assignee to pay the costs of the plaintiffs in this action out of the funds of the assigned estate in his hands.

*Hadley Jones,* for the appellant.

*L. E. Fuller,* for the respondents.

MARTIN, J. :

This was an action of replevin.   It was commenced January 22, 1886.   The property which was the subject of this litigation was sold by the plaintiffs to the firm of Johns Bros., and by that firm transferred to the defendants.   The sale and transfer of the goods in question was sought to be avoided and the goods recovered upon the ground : First. That the sale by the plaintiffs to Johns Bros. was induced by fraud.   Second. That the transfer to the defendants was also fraudulent and void as to the plaintiffs, and hence that no title passed to the defendants.   The property was taken by an officer under the procces issued in this action, delivered to the plaintiffs and retained by them.   The defendants appeared and answered.

About two months after the commencement of this action the defendants made a general assignment for the benefit of their cred-itors to the appellant.   The assignee was never made a party to this action.   None of the goods claimed by the plaintiffs ever came to his possession, or any of the proceeds thereof.   Indeed, he never claimed them, nor that he had any interest in them.   When spoken to about the litigation which had arisen in relation to such property he declined to have anything to do with it or with the property involved therein, because of the suspicious facts connected with such transfer, thus practically admitting the plaintiffs' alleged title.

The action was afterwards tried and the defendants had judgment. An appeal was taken, the judgment was reversed and a new trial ordered.   The action was subsequently noticed for trial, and when reached a motion was made by the plaintiffs to substitute the appellant as a party defendant, which resulted in an order that the appellant should be made a party, unless the defendants should within ten days serve upon the plaintiffs an offer of judgment for the retention of the goods replevied, with costs to the date of the offer.   In pursuance of that order an offer was made and accepted, and judgment was entered thereon in favor of the plaintiffs for the property in ques-tion and for $698.23 costs against the defendants.   The plaintiffs having failed to collect the costs from the defendants, moved at a Special Term for an order requiring the appellant to pay them from the moneys in his hands belonging to such trust estate, which was granted, with ten dollars costs.   From that order the assignee appeals.

The respondents and the court at Special Term relied upon sec-

tion 3247 of the Code of Civil Procedure as a basis for this order. The provisions of that section, so far as possibly applicable to this case, are as follows : " Where an action is brought in the name of another, by a transferree of the cause of action, or by any other person who is beneficially interested therein, or where after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person not a party to the action ; the transferree, or other person so interested, is liable for costs, in the like cases, and to the same extent as if he was the plaintiff ; and where costs are awarded against the plaintiff, the court may, by order, direct the person so liable to pay them."

It is quite obvious that the facts of this case do not bring it within the letter of the statute quoted. Here no action was brought by the appellant in the name of another, either as transferree or as one beneficially interested therein, nor was any cause of action transferred to him after the commencement of the action. This section is unlike section 321 of the old Code.

The respondents, however, claim that the rule in an action of replevin is different, and that in such an action both parties are to be regarded as plaintiffs. There are some authorities that would seem to justify that claim. It was so held in the *Newell Universal Mill Company* v. *Muxlow* (51 Hun, 453), but upon appeal to the Court of Appeals that case was reversed (115 N. Y., 170), and RUGER, Ch. J., in delivering the opinion of the court, said : " We are unable to concur in the course of reasoning adopted by the court below, by which, in analogy to the rules pertaining to the former action of replevin, a claim of title by the defendant must be considered the statement of a cause of action in separate counts. * * * The action of replevin was abolished by the Code of Procedure, and its peculiar and distinctive features suspended by the rules of practice therein provided for the conduct of actions of claim and delivery."

We do not think the respondents' claim that the defendants are to be regarded as though plaintiffs in this action, or that the appellant is to be treated as the transferree of a cause of action after the commencement of the action, can be upheld. Nor do we think that the appellant was a person beneficially interested in any cause of action involved in this case. No title to the goods in question ever passed to him. It rested in the plaintiffs, after the disaffirmance of

their contract with Johns. Bros. and the reclamation of the property. It so rested in them when the assignment was made. The appellant did not claim any title to or interest in it. He refused from the outset to make any such claim because the transaction between his assignors and Johns. Bros. was apparently fraudulent. He took no part in the defense of the action or in any way intermeddled with it. We are of the opinion that the facts, as established by the papers read on this motion, were insufficient to justify the order provided for by section 3247, and that the order appealed from cannot be sustained.

In *Taylor* v. *Bolmer* (2 Denio, 193), where the plaintiff, while a suit was pending, made a general assignment for the benefit of creditors, and the cause was afterwards tried and judgment had by the defendant, it was held that the assignees not having intermeddled with the prosecution were not liable. BRONSON, Ch. J., who delivered the opinion of the court in that case, said: " The rule is, that when an assignee, or person beneficially interested in the demand, brings or carries on a suit in the name of another, he must pay the defendant's costs if the suit fail. Here the assignees neither brought the suit, nor have they been instrumental in carrying it on. They have done no act whatever by way of prosecuting the claim. The defendant relies on a dictum of mine in *Miller* v. *Franklin* (20 Wend., 630) to the effect that it is enough that an assignee *pendente lite* knows of the suit, and allows it to proceed for his benefit. That was going too far. None of the cases charge the assignee unless he has employed the attorney, contributed money, or in some other way been instrumental in carrying on the litigation." In *Heather* v. *Neil* (14 Week. Dig., 46) it was held that the mere transfer of a judgment or right of action in course of prosecution to an assignee in bankruptcy does not render him chargeable with the costs which the defendant may afterwards recover. His liability is confined to such costs as he may have caused by his own proceedings in the case. Where the assignee simply defends an appeal from a judgment formerly recovered by the bankrupt, on which appeal the judgment is reversed, and takes no further steps in the matter, he is not liable for costs on dismissal of the complaint on a new trial.

A person to whom a judgment is to be paid, if a recovery is had, is not liable for costs where the suit is prosecuted without his knowl-

edge or consent. Such a person is not the party beneficially interested in the recovery within the provisions of section 3247. (*Elliot v. Lewicky*, 51 Supr. [19 J. & S.], 51.)

In *McHarg* v. *Donelly* (27 Barb., 100) it was held that a creditor is not liable for costs where a receiver sues without his request or direction, although the recovery inures to his benefit. The same doctrine was held in *Cutter* v. *Reilly* (5 Robt., 637) and *Wheeler* v. *Wright* (23 How., 228).

We think the cases cited sustain our conclusion that, on the facts disclosed, the appellant ought not to have been charged with the costs in this action, and that the order should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Order reversed, with ten dollars costs and disbursements.