## BOWEN S. FOSTER *versus* LUTHER B. DOW.

In an action against the defendant, for commencing a suit against the plaintiff, in the name of a third person, without his consent, that third person is a competent witness for the plaintiff.

In such a case, where the writ upon which the plaintiff was arrested is lost, parol evidence of the arrest is admissible, and also of the commitment.

In such an action, the defendant; in order to show, that he had authority to bring the original suit, offered to prove, that the person in whose name it was brought, suffered himself to be defaulted in an action brought for services, in the commencing and prosecuting it. *Held*, the evidence was inadmissible.

*It seems*, a person who rightfully obtained a license to peddle, from the County Commissioners, is not liable to a penalty for not having one, although the Commissioners had omitted to complete their records concerning it.

*It seems*, unexpired licenses under an act which is repealed, are not annulled by the repeal, when in conformity with existing laws.

An action brought in the name of another person, without his authority, is a groundless and unlawful suit.

For damage done to the defendant in such a suit, he may recover against the person by whom it was brought.

In an action brought to recover for such damage, the amount would not be lessened by proving that the person named as plaintiff in the original suit had a right of action.

ACTION on the case, tried before WELLS, J. for suing the plaintiff in the name of E. P. Farris, and causing him to be arrested and " committed" without any authority from Farris. That action was for peddling without license.

The plaintiff offered as a witness, E. P. Farris, who was objected to as the plaintiff of record in the suit complained of. But he was admitted. To prove the loss of his license, the plaintiff offered his own affidavit, that he had such an one, and that he did not then have it or know where it was, though he had diligently searched for it. The affidavit was objected to, but was received to prove the loss.

The plaintiff also proved the loss of the writ, *Farris* v. him, and was allowed to prove the arrest and commitment of himself on said writ by parol, though objected to.

In defence, it was contended, that the action was in substance an action on the case for malicious prosecution, and that it was incumbent on the plaintiff to prove a want of probable cause in the original suit. But the Judge ruled otherwise, inasmuch as the plaintiff claimed to recover only upon the ground that the action was brought without authority.

The defendant also offered to prove by the attorney for plaintiff, in *Farris* v. *Foster*, that he made his charges for counsel fees and costs against Farris only, and that he afterwards sued him and recovered judgment by default. That testimony was excluded.

The defendant contended that the license, required by statute for peddlers, is to be granted by an official act of the County Commissioners, and that their decree or order granting it should be recorded, and the license also recorded and that as no record of such decree or license existed, the parol proof in regard to the license was not only inadmissible, but insufficient. But the Judge ruled that the license would be valid, though not recorded, and although there was no record of the decree or order granting it.

The clerk of the County Commissioners exhibited their docket of entries of licenses, among which was the following: "Bowen S. Foster, Portland, July 10, 1846, one horse, $15," "Bowen S. Foster, Portland, July 13, 1847, one horse, $15," and testified there was no other record of licenses, nor of any memorandum of any license to plaintiff; and hereupon the defendant contended, that the supposed license was "*functus officio*," because of the repeal of the law under which it was granted, and the enactment of a new one. But the Judge ruled, that the repeal of the law by virtue of which the license was granted, and the enactment of a new one before the expiration of the time limited in the license would not annul the license.

The Judge was requested to instruct the jury that if *Dow* commenced the action, *Farris* v. *Foster*, in Farris' name, even without his consent, for a just cause of action, or for what *Dow* had probable cause to believe just, then this action cannot be maintained ; and also that, if the plaintiff by the proof left his case in doubt, he must fail. These instructions were refused, but the jury were instructed, among other things, that the plaintiff, having limited his claim to recover on the sole ground that the defendant had brought the action of Farris against plaintiff in Farris' name, without his consent, the residue of the declaration need not be regarded by them ; that the plaintiff must prove his case to their satisfaction, not beyond all doubt, but must satisfy them that he was entitled to recover upon the balance of the testimony.

The jury returned a verdict for plaintiff and the defendant filed exceptions.

*Codman,* for defendant.

E. P. Farris ought not to have been admitted as a witness ; he had a direct interest ; he was called to testify to facts which, if true, *exonerated* him from liability to the plaintiff in this case, whatever the Court may decide the nature or form of action to be.

Though parol evidence of the "arrest" on the original writ may have been admissible on proof of loss of the writ, yet

parol evidence of the "*commitment,*" was inadmissible without proof of the loss of the gaoler's record of commitment, which was not proved.

The ruling of the Judge that the declaration in the writ was sufficient to enable the plaintiff to recover damages for suing out and enforcing the writ, *Farris* v. *Foster,* without the consent or authority of Farris, was erroneous, because the declaration is in form and substance exclusively an action of the case for malicious prosecution, in which case proof of probable cause would be a conclusive defence.

The Judge erred in excluding the offered evidence of Charles Harding, as to whom he made his charges against, for counsel fees, &c. in the original suit, *Farris* v. *Foster,* and of the judgment recovered by said Harding against said Farris, and the execution issued on said judgment. The evidence tended directly to prove that the action, *Farris* v. *Foster,* was brought by direction of the former, and consequently to disprove the allegations in the present plaintiff's writ.

The ruling of the Judge, that the license was valid though not recorded, and though there was no record of the decree or order granting it, was erroneous. The statute impliedly requires that license should be granted by the official act of the *Court* of County Commissioners, and there should be a record both of the act or decree of the Court, and of the license granted under it. Stat. of 1843, chap. 27.

The ruling of the Judge that the supposed license of the plaintiff was not inoperative, because the law under which it was granted, had been repealed and a new one enacted, was incorrect, in a prosecution against him for peddling without license; it could not be deemed a legal defence. Stat. of 1843, chap. 27 ; Stat. of 1846, chap. 200.

*G. F. Shepley* and *Joseph H. Williams,* for plaintiff.

The opinion of the Court, (HOWARD, J. taking no part in the decision, because formerly of counsel in the case,) was delivered by

WELLS, J. — The witness, Farris, was the person, in whose

name the defendant brought the action against the plaintiff, without any authority derived from the witness. He could neither gain or lose by the result of the suit, and the verdict would not be evidence for or against him.

The affidavit of the plaintiff in relation to the loss of the license contains sufficient facts to show a loss, and to admit the secondary proof.

The original writ of *Farris* v. *Foster,* having been lost, and the return of the arrest upon it, parol proof of the arrest was admissible. And the commitment was an act done by the officer in pursuance of the writ, and may be proved in the same manner as any other fact. Whether the jailer made a record of the commitment or not, his reception and confinement of the prisoner, was a commitment.

This action is not brought for a malicious prosecution, in suing out a writ, without probable cause, but for commencing an action without the authority of Farris, and in his name, against the plaintiff. And the construction given to the writ, at the trial, appears to be free from objection.

The acts and doings of the attorney, who had the care of the suit of Farris against the plaintiff, in suing Farris for his services and obtaining judgment by default and execution against him, could have no effect upon the rights of the plaintiff. They were *res inter alios.* If Farris had notice of the suit, they might affect him, by way of admission. But if he gave no authority for instituting the action against the plaintiff, nor in any manner ratified it, his subsequent admissions could not be received to prejudice the plaintiff. The testimony offered was properly rejected.

The validity of the license did not depend upon the recording of it, nor upon the recording of the order of the County Commissioners granting it. A person having a license to peddle, legally obtained, would not be liable to a penalty for not having one, because the County Commissioners had omitted to complete their records. It is their duty, to cause a record of their proceedings to be kept; chap. 99, § 9 and 10 of the

Revised Statutes; but there is no law requiring the license itself to be recorded at length.

The license, which the plaintiff had, was granted July 10, 1846, under the act of 1843, c. 27, and by the provisions of that act, it continued in force for one year. The action brought against the plaintiff by the defendant, in the name of Farris, for peddling without a license, was commenced June 8, 1847.

The act of 1846, c. 200, which took effect on the first day of October of that year, repealed the act of 1843, and it is contended, that the license of the plaintiff was thereby annulled, and that he was peddling without a license on the eighth day of June, 1847.

But although the act of 1846 repeals that of 1843, it does not by any provision in it, vacate the unexpired licenses, granted by virtue of the latter act. Nor is it inferable, that such was the intention of the Legislature.

A prosecution for a penalty cannot be sustained, after a law is repealed, without any saving clause, yet a right obtained under a statute may exist after its repeal.

But the law of 1846 does not require the license to be obtained under that act. It enacts that the person, who travels to vend goods, " shall first obtain a license therefor, from the County Commissioners," &c. And the plaintiff had obtained a license in conformity to the act of 1846, although it was granted under that of 1843.

The duty required to be paid is the same in both acts.

The plaintiff had such a license as was required by the act of 1846, and it was therefore valid, though obtained under a law, which had been repealed.

The objection to the instruction, that the plaintiff was bound to exhibit his license to Farris and to the defendant, is without foundation, neither of them being a justice of the peace, or constable of any city, town or plantation. To such persons only does the law require it to be exhibited.

It may not be inappropriate to remark, that the license and the questions raised in relation to it, are entirely irrelevant.

Whether the plaintiff had a valid license or not, would furnish no foundation for a suit against him, by the defendant, in the name of Farris, without his consent. The use of the name of Farris, under such circumstances, was an unlawful act, and the plaintiff is entitled to recover the damages arising from it.

Where one commences a suit in the name of another, but without his authority, it is a groundless suit, irrespective of its merits if it had been legitimately brought. If it could have been maintained by the person having a right to bring it, that circumstance would afford no reason for lessening the actual damages sustained, and if it could not, no reason for enhancing them.

No objection was made to the testimony for its irrelevancy.

But assuming it to be relevant, no error is perceived in the rulings concerning it, nor in the instructions given or withheld.

*The exceptions are overruled.*