MOULTON *versus* LOWE.

A person, who, without authority, prosecutes a groundless action in the name of another, is liable to the defendant in such action, for the expenses and damages to which he has thereby been subjected, beyond the amount of the taxed cost.

An omission by such defendant, to call, in court, for the authority to commence such a suit, is not a waiver of his right to recover against the person who wrongfully commenced it.

Any one of the purchasers of land by the same deed, though in unequal proportions, who have given their several notes for each one's share of the purchase-money secured by a joint mortgage of the tract, may, *without the concurrence of the others,* by bill in equity, set aside the mortgage as to himself, if the purchase of the land was procured by fraudulent representations of the grantor.

As such purchaser, if entitled to a remedy, may pursue it alone, and thereby vacate the mortgage as to himself, the relation between him and the other purchasers could not authorize him to prosecute bills in their names, and without their consent, to rescind the trade, as to them.

On a statement of facts agreed at *Nisi Prius.*

This plaintiff had a bond for a tract of land, to be conveyed to him or his appointees.

He bargained to sell it to Samuel Kimball and three other persons in unequal shares, and the obligors accordingly executed the conveyance to them, in a single deed, specifying, however, the several proportions of each grantee. The grantees paid a part of the purchase-money, and each one gave his separate note for his part of the balance.

All the grantees then made a joint mortgage of the tract to secure said notes.

Four bills in equity, (one in the name of each grantee,) were brought against this plaintiff and the said grantors, to rescind the purchase, on the ground that it had been procured by fraudulent representations. These suits were brought in the Circuit Court of the United States, and were pending from 1840 till 1845, when they were dismissed with costs. The present plaintiff, Moulton, in defending against each of those suits was compelled to pay large sums in solicitors' fees, above the amount of his taxed bill of costs. The said suits in equity were commenced and prosecuted by the procurement of the defendant, Lowe, who undertook to act as the agent of the several plaintiffs therein. He had authority to act in behalf of three of said plaintiffs, but it is, in this action, charged that the suit, in the name of Samuel Kimball, who resides at New Orleans, was wrongfully brought and prosecuted without his authority, and it is for this wrong, that this suit is brought against Lowe.

Samuel Kimball neglected to pay his note, given as aforesaid, and the other mortgagers, in order to avoid a forfeiture of the land, were compelled to pay it, which they did through the agency of Lowe.

During the pendency of said equity suits, no question was

made as to the authority of Lowe or of the solicitors he employed, to act for all the plaintiffs therein. Two depositions of Samuel Kimball are put into the case, for the consideration of the court, if legally admissible. The effect of these depositions will be perceived in the opinion.

*E. H. Davies*, for the plaintiff.

If the suit in Kimball's name was brought without his authority, by Lowe, he is accountable to the plaintiff for all the damage he has sustained by means of that suit. 8 Met. 31, 33.

To prove that there was authority, the burden is upon Lowe. The affirmative is with him. 1 Greenl. Ev. sect. 79.

But, even if it be for this plaintiff to prove that Lowe had no authority, such want of authority is fully shown by Kimball's deposition.

*Fessenden & Deblois*, for the defendant.

1. The property of the three other plaintiffs in equity was mortgaged for payment of S. Kimball's note. From this position, there resulted to them an authority to use his name in any manner proper to avoid the payment of the note. The bringing of the bill to set aside the sale for fraud, was a proper mode to effect that object. *Pierce* v. *Thompson*, 6 Pick. 193. "An action may be maintained by the several partners of a firm, upon a guaranty given to one of them, if it was given for the benefit of all." *Garrett* v. *Handly*, 4 B. & C. 664 ; *Bateman* v. *Phillips*, 15 East, 272 ; *Harper* v. *Williams*, 4 Adolphus & Ellis, New Series, 219 ; *Freeman* v. *Cram*, 13 Maine, 255 ; *Harmon* v. *Hill*, 14 Maine, 127.

2. Kimball ratified the suit after he knew of its existence. This is as effectual as an original authorization could have been. *Bryant* v. *Moore*, 26 Maine, 84 ; *Sanderson* v. *Griffith*, 5 B. & C. 909 ; *Anderson* v. *Watson*, 3 Carr. & Payne, 214 ; *McLean* v. *Dunn*, 4 Bing. 717 ; *Somes* v. *Spencer*, 1 Dow. & Ry. 32 ; *Wilson* v. *Tumman*, 6 Manning & Granger, 242.

Kimball knew of the suit in his name, as appears by his deposition given in June, 1842, and the case was not disposed of until 1845. He was having the benefit of the contest

and the chance of success. The omission to object to it, then, was a ratification. *Newhall* v. *Dunlap,* 14 Maine, 180 ; *Hasting* v. *Bangor House,* 6 Shep. 436 ; *White* v. *Stanwood,* 4 Pick. 380 ; *Cleverly* v. *Whitney,* 7 Pick. 36.

3. The plaintiff waived all objections to the commencement and prosecution of the suit, by omitting to call for the appearance of Kimball *at the first term,* and by defending without objection to the final termination of the suit.

This is the spirit of the rule as adopted in the case of *Knowlton* v. *Plantation No.* 4, 14 Maine, 20 ; *Strout* v. *Durham,* 23 Maine, 483.

In a court of equity, we argue, that the same necessity exists as in law for placing such exceptions to the prosecution of a suit before the court, by plea or answer ; and that, by omitting to take the objection *in limine,* the party waives his right to do so in a more advanced state of the proceedings.

It would be unjust to permit a defendant to lie by and accumulate costs and expenses, until the final termination of the suit, on its merits, when a mere technical error, if noticed at the onset, would have put an end to the controversy.

4. The burden of proof rests on the plaintiff, to satisfy the court that the suit was instituted without authority.

*Davies,* in reply.

Though the land of the three other plaintiffs in equity was under the mortgage, whereby Kimball's note was secured, they had no occasion to use his name in a suit.

If there was fraud, which could vitiate the purchase of the land, they might, each one for himself alone, have taken the advantage of it, and thus have defeated the mortgage, as to themselves.

The making of Kimball a party, could not have aided them in avoiding the mortgage. They were therefore under no *necessity,* and if not under a *necessity,* they could have no *right,* to use the name of Kimball, without his consent.

As to the supposed notice to Kimball of the pendency of the suit, it is submitted that, taken in connection with his deposition, no ratification can be inferred from it.

It was not incumbent on the defendants in the suit in equity " in the institution of the process to have called on the counsel for their authority to sue the bill, in the name of Samuel Kimball." The cases cited for the defendant on this point relate to the subsequent prosecution of the same suit.

SHEPLEY, C. J. — The case is presented for decision upon an agreed statement, which is composed in part of two depositions of Samuel Kimball. In the one taken in this case, he denies any knowledge of the suit brought in his name against the plaintiff and others, until after it had been determined. He not only denies, that any person was authorized by him to commence it, but asserts that he would not permit his name to be used in such a suit, when others interested in the purchase of the lands proposed to commence one.

The suit must therefore, upon the proof, be regarded as commenced and prosecuted without authority from him.

Upon established principles the plaintiff will be entitled to judgment, unless some sufficient ground of defence is presented. *Bond v. Chapin,* 8 Met. 31.

In defence it is insisted, that there has been a ratification of the proceedings by Kimball.

His answers to certain questions propounded to him in the deposition taken in the case of *Hough v. Richardson & als.* are relied upon as proof of it. He was asked, whether a similar suit against the plaintiff and others had not been commenced in his own name; whether he had not joined with the others in those suits, and agreed to share the expenses of them. After answering in the negative, he says, " if such suits as are mentioned have been instituted, deponent is in no manner interested or privy thereto." If he must be considered as informed by the questions, that such a suit was pending, his omission to interpose and prevent its further prosecution cannot be regarded as a ratification of it, when his answers had distinctly informed the party prosecuting and the parties defending it, that he was neither interested in it nor privy to it. This was a repudiation of the suit in his own

name, if one existed, and no tribunal could be authorized to infer from his answers and subsequent silence, a ratification of those proceedings.    That repudiation does not appear to have been withdrawn or modified.

It is then contended, that the plaintiff waived all objection to the prosecution of the suit in the name of Kimball by omitting to call for the authority of the attorneys to prosecute it.

The plaintiff would be entitled to infer, that a suit commenced by counselors of the court under their signatures was not commenced without authority.    It does not appear, that he had knowledge, or could have had, that it had been, until there had been a publication of the testimony taken in the suit in equity.    Nor does it appear, that he could then have presented the objection with effect before the final hearing.

An omission, if such there had been, to present a fatal objection to the further maintenance of the suit could not operate as a waiver of a right of action against one, who had prosecuted that suit in the name of another without authority.

It is finally insisted, that the joint mortgagers with Kimball had a right to use his name without his consent, to obtain relief from their liability to pay the notes given by him in payment for his share of the land.

The land appears to have been conveyed to the grantees by one deed, conveying it in distinct and separate shares. Each purchaser paid for his own share by cash and his own notes.    All the purchasers conveyed the whole land in mortgage to secure the payment of their several notes.    The other purchasers were not personally liable for payment of the notes given by Samuel Kimball.    Their shares of the land might be taken for their payment by a foreclosure of the mortgage.    If those shares could be relieved from that liability without the use of his name, they would have no occasion and no right to use it without his consent.

Their suits in equity appear to have been commenced to obtain a revision of the contract of purchase and sale on the

alleged ground of a fraudulent misrepresentation ; to have the title acquired by the vendees reconveyed to the vendors; and to have the consideration paid and secured restored. If successful by a suit or suits in their own names they would no longer have retained any title to their shares of the land. Their mortgage would have been annulled ; and their property could not have been taken to pay the notes of Samuel Kimball. As the shares were conveyed separately each purchaser could act independently of the others in any proceedings respecting his own share ; and could obtain relief, if entitled to it, from payment for his own and any other share. All this might have been accomplished without the use of the name of Samuel Kimball, and without including his share of the land in any suit. The other purchasers were not entitled to decide for him that he should rescind the contract and reconvey his share of the land.

Being enabled, if successful in their suits, to obtain entire relief from liability to have their shares of the land taken to pay his notes, they were not authorized, without his consent, to institute an unnecessary suit in his name.

*Defendant defaulted, to be heard in damages.*