DANIEL S. READ et al., Respondents, *v.* NICHOLAS H. DECKER, Appellant.

Defendant contracted to do the work and furnish materials in constructing tracks for the N. Y. C. and H. R. R. R. Co. The contract provided "that all stone taken from excavations which may, in the opinion of the engineer be suitable for masonry shall be deposited in some convenient place * * * to be designated by him, and shall be the property of the company." Plaintiff entered into a sub-contract with defendant for a portion of the work. In an action to recover a balance alleged to be due thereon, defendant offered to prove that plaintiff took from excavations and used 1,149 yards of stone, and that in defendant's final settlement with the company he was charged with the value thereof $1,546.80. This was objected to and excluded, *held*, no error; that the provision contemplated that the engineer should point out such stone as he deemed fit for masonry and designate the place to which he desired it removed; that plaintiff was entitled to use stone as to which no such designation was made, and as defendant did not offer to prove that plaintiff used stone so pointed out, the first part of the offer was insufficient and so properly rejected; and that the fact that a charge was made by the company against defendant for the stone, was not competent proof of his liability for it.

(Argued June 8, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee. (Mem. of decision below, 6 Hun, 646.)

This action was brought to recover a balance alleged to be due upon a contract.

The defendant had a contract with the New York Central and Hudson River Railroad Company to do the work and furnish certain material for additional tracks from Schenectady to Fort Plain.

The defendant sublet to the plaintiff certain sections on that contract.

The specifications are the same in the contract and in the subcontract. One clause in such specification is as follows: "All stone obtained from excavations which may, in the

opinion of the engineer, be suitable for masonry, shall be deposited in some convenient place within 800 feet haul, to be designated by him, and shall be the property of the company."

The defendant on the trial offered to show that the plaintiffs, in performing their aforesaid contract, took from the excavation 1,149 yards of stone, and used the same in constructing vertical wall and the like; that the value thereof was $1,546.80, and that the defendant in his final estimate under his said contract with the company was charged that amount. This was objected to as not covered by the answer, as immaterial, and that plaintiff had the right to use stone not designated by the engineer as suitable for masonry. The objections were sustained and defendant's counsel duly excepted.

*Samuel Hand* for the appellant. Defendant's claim was not a counter-claim, and could not be pleaded as such. (Code, § 150; *Davidson* v. *Remington*, 12 How., 310; *Vassar* v. *Livingston*, 3 Kern., 248.)

*D. S. Morrell* for the respondents.

RAPALLO, J. Independently of the question of the admissibility of the evidence offered, under the answer, we are of opinion that it was properly rejected on the merits.

The clause of the contract upon which the offer was based was as follows: "All stone obtained from excavations which may, in the opinion of the engineer, be suitable for masonry, shall be deposited in some convenient place, within eight hundred feet haul, to be designated by him, and shall be the property of the company."

This provision necessarily contemplated that during the progress of the work the engineer should point out such stone as he deemed suitable for masonry, and should designate the place to which he might desire it to be removed. The parties must have intended that the opinion of the engineer should

be expressed. Until this was done the contractor could not know whether or not the company intended to claim the stone. If no such claim was made he was at liberty to use the stone in the performance of the work. It was necessary that some disposition be made of the stone at the time, as the excavation could not proceed without removing it, and if not claimed by the company the contractor had the right to assume either that they did not deem it suitable for masonry or that they waived the right reserved by the contract.

The offer which was rejected was not to prove that any stone was used by the plaintiffs which the engineer had claimed under the clause in question, or which was, in his opinion, suitable for masonry, but simply that the plaintiffs had used in the work stone taken from the excavation. There was nothing in the contract which precluded the plaintiffs from using such stone, if not claimed by the engineer and directed by him to be deposited. That branch of the offer was consequently insufficient and was properly rejected.

The second branch of the offer was clearly objectionable. The fact that in the final estimate a charge for stone taken from the excavation had been made by the company against the defendant was not competent proof of liability for such stone. For all that appears in the case the charge was not a proper one.

The rejection of this offer being the only subject of exception, the judgment should be affirmed.

All concur.

Judgment affirmed.