GIBBS *v.* RANDLETT.

A plaintiff, causing the defendant to be arrested on a writ, and knowing the sufficiency of the bail offered by the defendant to the officer making the arrest, is liable, in case, for the damage done by his ordering and causing the officer to refuse the bail and hold the defendant in custody.

But the expense of the defence of the suit in which the arrest was made, not caused by the refusal of bail, cannot be included in the damages.

CASE, for causing an officer, who arrested the plaintiff in a suit brought against him by the defendant, to refuse to accept sufficient bail. Verdict for the plaintiff, including $450, the amount of the plaintiff's expense of defending the suit in which he was arrested. Motion of the defendant for a new trial.

*Hobbs*, for the plaintiff.

*Wheeler*, *Smith*, and *Hall*, for the defendant.

BINGHAM, J. It was the duty of the sheriff to take bail, duly offered by the plaintiff, and discharge him from arrest. Gen. St., *c.* 206, *ss.* 13, 14; 6 Bacon's Abr., tit. Sheriff, O. 180; Art. 33, N. H. Bill of Rights.

The sheriff, by refusing to take sufficient bail, legally offered by the plaintiff, did an unlawful act to his injury, and he was entitled to his action on the case against the sheriff therefor. *Smith* v. *Hall*, 2 Mod. R. 31; 6 Bacon's Abr., *supra; Salmon* v. *Percivall*, 3 Cro. 196; *Cresswell* v. *Hoghton*, 6 T. R. 355; *Millne* v. *Wood*, 5 C. & P. 5×7; 2 Hilliard on Torts 257, *s.* 3, 260, *s.* 4; *Evans* v. *Foster*, 1 N. H. 374.

The defendant was present at the arrest and offer of bail, and ordered the sheriff to refuse it. The sheriff did as directed by the defendant, and committed the wrongful act. The defendant was a

principal. *Russell* v. *Fabyan*, 34 N. H. 218, 226 ; 2 Hilliard on Torts 213, *s.* 31.

The court charged the jury, in substance, that if the defendant, knowing the bail tendered to be sufficient, directed the officer to refuse it, and he, acting under the defendant's direction, refused it, the defendant would be liable. The defendant claims that he is not liable unless he acted maliciously and without probable cause. This is not an action for a malicious prosecution. It is for doing an illegal act by the defendant that injured the plaintiff. Although it was done in the execution of legal process, yet it was an act in abuse of that process. It was an imprisonment of the plaintiff under that process when the right to do so had ceased. It was an act equally illegal whether the original action was malicious or in good faith, with or without probable cause, and the end of it can have no legal or logical connection with the plaintiff's right to recover in this suit. An action may be sustained without alleging or proving malice, or a want of probable cause, when one brings a suit in the name of another without authority. *Foster* v. *Dow*, 29 Me. 442 ; *Bond* v. *Chapin*, 8 Met. 31 ; 1 Hilliard on Torts 417, *s.* 5 ; *Moulton* v. *Lowe*, 32 Me. 466. Generally, in an action for the abuse of legal process, it is not necessary to aver or prove that the process is at an end, or that it was sued out maliciously or without probable cause. *Page* v. *Cushing*, 38 Me. 523 ; 2 Greenl. Ev., *s.* 452 ; *Grainger* v. *Hill*, 4 Bing. N. C. 212 ; 1 Hilliard on Torts 422, *s.* 10, 451, *s.* 26, *a ;* *Prough* v. *Entriken*, 11 Penn. 81. The action being for the illegal detention, the plaintiff cannot recover for the time and money expended in defending the former suit. He must enter a remittitur for the $450, and there may be

*Judgment on the verdict.*

FOSTER, J., did not sit.