THE FIRST GENERAL OR SIX PRINCIPLE BAPTIST SOCIETY OF WILLETT, RESPONDENT, *v.* AARON B. LOOMIS, AS PRESIDENT OF THE FREEWILL BAPTIST SOCIETY OF WILLETT, APPELLANT.

*Wrongful promoters of an action — they may be compelled to pay the defendant's costs.*

An action, brought in the name of a corporation, duly incorporated pursuant to section 3 of chapter 60 of the Laws of 1813, by three persons claiming to be its trustees, for the recovery of the church edifice and grounds, was tried before a referee, who decided that when the action was begun and terminated the plaintiff was in the possession of the property described in the complaint; that the promoters of the action were not the trustees of the corporation and had no authority to begin and prosecute it, but that three other persons were the legal trustees of the corporation under whose authority the defendant acted.

*Held,* that a motion, made by the defendant for an order charging the promoters of the action with the payment of the taxable costs and disbursements incurred by the defendant in the action, should be granted.

APPEAL from an order made at a Special Term, held at the city of Syracuse, December 6, 1887, and entered in Cortland county, denying the motion of the defendant for an order that W. R. Place, William Wightman and Irving Bell be directed to pay the costs herein.

*William J Mantanye,* for the appellant.

*Franklin Pierce,* for William R. Place, William Wightman and Irving Bell, respondents.

FOLLETT, J.:

Appeal from an order denying defendant's motion for an order charging William R. Place, William Wightman and Irving Bell with the payment of the taxable costs and disbursements incurred by the defendant in this action.

The General or Six Principle Baptist Society of Willett is a corporation duly incorporated pursuant to section 3 of chapter 60 of the Laws of 1813. Place, Wightman and Bell claiming to be the trustees of the corporation, began this action for the recovery of real property, the church edifice and grounds. The action was tried before a referee, who decided that when this action was begun and

terminated the plaintiff was in possession of the property described in the complaint; that said promoters of the action were not the trustees of the corporation and had no authority to begin or prosecute it; but that three other persons were the legal trustees of the corporation, under whose authority the defendant acted.

Persons who prosecute an action in the name of another as plaintiff without authority are liable to the person so prosecuted for the damages sustained. (*Bond* v. *Chapin*, 8 Met. 31; *Foster* v. *Dow*, 29 Me., 442; *Moulton* v. *Lowe*, 32 id., 466; *Metcalf* v. *Alley*, 2 Ired. Law [N. Car.], 38.) The only question involved in this appeal is whether the wrongful promoters of an action can, after it has been terminated in the defendant's favor, be compelled to pay his taxable costs and disbursements by an order. In *Butterworth* v. *Stagg* (2 Johns. Cas., 291), an attachment to collect the costs was issued against the person who wrongfully brought the action. This case was approved in *Giles* v. *Halbert* (12 N. Y., 32, 38) and it was said that such conduct is punishable as a contempt. In *Jobbitt* v. *Giles* (22 Hun, 274), it was held that a person bringing an action for a penalty in the name of the overseer of the poor, without having made a complaint as required by statute, could be required by an order to pay the costs of the action. In the *North Baptist Church* v. *Parker* (36 Barb., 171), four persons, claiming to be the trustees of the plaintiff, brought the action without authority and it was dismissed, with costs against such persons. Our attention has not been called to any case questioning or statute limiting the power which has been so long exercised. Sections 3246 and 3247 of the Code of Civil Procedure are in harmony with the exercise of this power.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion granted and execution awarded pursuant to section 779 of the Code of Civil Procedure, with ten dollars costs.

HARDIN, P. J., and MARTIN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, and execution awarded pursuant to section 779 of the Code of Civil Procedure, with ten dollars costs.