### PENDLETON v. JOHNSON.

#### (*Superior Court of New York City, Special Term.*   June 11, 1891.)

1. COSTS—ASSIGNMENT OF CAUSE OF ACTION—LIABILITY OF ASSIGNOR.

    Where a non-resident assigns the legal title to a claim to a resident, to avoid the necessity of giving security for costs, retaining the beneficial interest in himself, and in an action on the claim a judgment for costs is entered against the assignee, (plaintiff,) and an execution thereon is returned unsatisfied, the assignor may be charged with the costs, under Code Civil Proc. § 3247, which declares that "where an action is brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein, * * * the transferee or other person so interested is liable for costs in the like cases and to the same extent as if he was the plaintiff."

2. SAME—INABILITY TO COLLECT FROM ASSIGNEE.

    The return unsatisfied of the execution against the property of the assignee is sufficient evidence of inability to collect from him.

Action by James F. Pendleton against Alexander Johnson for services claimed to have been rendered to defendant by A. E. Woodruff, plaintiff's assignor, as an attorney and counselor at law.   Judgment for defendant for $134.94 costs was entered on a verdict for plaintiff for six cents.   On appeal to the general term the judgment was affirmed, (14 N. Y. Supp. 629,) and judgment was entered for defendant for $147.17, costs of the appeal.   Execution having been issued against plaintiff, and returned unsatisfied, defendant moved to charge plaintiff's assignor with the costs, as the person having the beneficial interest in the demand sued on.   Motion granted.

*James F. Pendleton*, for A. E. Woodruff.   *David Leventritt*, for defendant.

McADAM, J.   The proofs are convincing that, as the assignor resided in New Jersey, he assigned his demand to the plaintiff, a resident of New York, to avoid the necessity of giving security for costs; that, while the legal title to the claim was put in the plaintiff to answer the purposes of the prosecution, (*Sheridan* v. *Mayor*, 68 N. Y. 30,) the equitable and beneficial interest remained in the assignor, and he is chargeable with the costs, under section 3247 of the Code.[1]   *Slauson* v. *Watkins*, 46 N. Y. Super. Ct. 172; *Winants* v. *Blanchard*, 12 N. Y. St. Rep. 384; *Society* v. *Loomis*, (Sup.) 3 N. Y. Supp. 572; *Giles* v. *Halbert*, 12 N. Y. 32; *Whitney* v. *Cooper*, 1 Hill, 629; *Colvard* v. *Oliver*, 7 Wend. 497; *In re Tyng*, 17 Wkly. Dig. 234.

The return of the execution unsatisfied is sufficient evidence of inability to collect from the assignee.   *Perrigo* v. *Dowdall*, 25 Hun, 234.   Motion to charge assignor with costs granted.

---

[1] Code Civil Proc. § 3247, declares that "where an action is brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein, * * * the transferee or other person so interested is liable for costs in the like cases and to the same extent as if he was the plaintiff," etc.