METROPOLITAN ADDRESSING & MAILING CO. *v.* GOODENOUGH *et al..*

(*Superior Court of New York City, Special Term.*   August 24, 1891.)

1. COSTS—LIABILITY OF OWNER OF BENEFICIAL INTEREST IN ACTION.

Action was brought in a corporate name on the theory that plaintiff was a corporation; and, after a judgment in favor of defendants for costs, it was found that, no corporation existed, and that the name was merely a name under which one A. did business. The contract authorizing the attorney to bring the action was signed, by A. as president of the fictitious corporation; and it was shown that he wrote to the attorney, inquiring after the action, and referring to it as "my" case. *Held,* that A. was liable for the costs, both because he was the wrongful promoter of the action, and because he was beneficially interested, within the meaning of Code Civil Proc. § 3247, declaring .that "where an action is brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein, * * * the transferee or other person so interested is liable for costs in the like cases and to the same extent as if he was the plaintiff."

2. SAME—MOTION TO CHARGE BEFORE EXECUTION ISSUED.

An objection that a motion made by defendants to charge A. with the costs was. premature because no execution against plaintiff had been issued and returned unsatisfied is unavailing, because, plaintiff not being a legal entity, and being therefore incapable of owning property, the issuing of execution would have been. useless.

An action was brought in the name of the Metropolitan Addressing & Mailing Company, as a corporation, against Goodenough & Woglom and another. Judgment was rendered in favor of defendants and against plaintiff for costs. Defendants moved to charge Herbert D. Van Auken with the costs, on the ground that he was beneficially interested in the cause of action, and that he wrongfully promoted the action; and, in support of the motion,. affidavits were filed, showing that the Metropolitan Addressing & Mailing Company was not a corporation, but merely the style under which Van Auken, did business. There were also filed the contract authorizing plaintiff's attorney to bring the suit, which was signed, "Herbert D. Van Auken, President Met. A. & M. Co.," and a letter written by Van Auken to the attorney after the suit had been brought, asking information in regard to it, and referring to it as "my case." Motion granted.

*Edward E. Van Auken,* for Herbert D. Van Auken.   *William Clark. Roe* and *H. Huffman Browne,* for defendants.

McADAM, J.   The proofs show that Herbert D. Van Auken was the promoter of the suits brought. He signed the contract under which they were commenced, and in Exhibit C he refers to them as "my" (his) case. The action was wrongfully commenced in the name of the Metropolitan Addressing & Mailing Company, on the theory that it was a corporation. It was. in fact the name under which Van Auken did .business; a feature not discovered by the defendants until long after the action terminated in their favor, with $114.10 costs. These circumstances show that Van Auken was "beneficially interested" in the action, within the meaning of section 3247 of the Code,[1] and therefore liable for the costs to the same extent as if he had been the plaintiff of record. *Slauson* v. *Watkins,* 95 N. Y. 369; *Waring* v.. *Baret,* 2 Cow. 460; *Winants* v. *Blanchard,* 12 N. Y. St. Rep. 384; *Giles* v. *Halbert,* 12 N. Y. 32; *Miller* v. *Franklin,* 20 Wend. 630; *Pendleton* v. *Johnson,* 18 N. Y. Supp. 211. If the nominal plaintiff had succeeded, the fruits of the recovery would have gone to Van Auken; and he is personally chargeable with the costs under the Code provision cited, as well as upon the further ground that he was the wrongful promoter of the action. *Society* v. *Loomis,.*

---

[1] Code Civil Proc. § 3247, declares that "where an action is brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein, * * * the transferee or other person so interested is liable: for the costs in the like cases and to the same extent as if he was the plaintiff." etc.

(Sup.) 3 N. Y. Supp. 572. The judgment, being exclusively for costs, belongs to the attorney. *Marshall* v. *Much*, 51 N. Y. 140.

The objection that the motion is premature because no execution has been issued and returned unsatisfied (*Perrigo* v. *Dowdall*, 25 Hun, 234) is unavailing, because the proofs show that the plaintiff is not a legal entity, and incapable of owning property; hence the issuing of an execution would be idle ceremony, the forms of which are never required where they would prove nugatory and result in nothing. Motion to charge Van Auken with the costs granted.