MONTANYE *v.* MONTGOMERY *et al.*

*(Common Pleas of New York City and County, General Term.* June 27, 1892.)

1. CONVERSION OF GOODS—MISTAKEN DELIVERY—EVIDENCE.
   Goods sold to C. & S., plaintiff's assignors, were by mistake delivered to defendants, who refused to give them up on notice and demand. *Held* a conversion by defendants, notwithstanding delivery to them of a memorandum of the goods.
2. SAME—RIGHTS OF ASSIGNOR—COUNTERCLAIM.
   Plaintiff being the assignee of a claim merely, there could be no judgment against him for a claim against the assignors; and, no counterclaim having been set up in the answer, there could be no recovery against him for that reason also.

Appeal from first district court.

Action by Carlton H. Montanye against George W. Montgomery and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Charles E. Hill,* for appellant.    *Edgar F. Brown,* for respondents.

BOOKSTAVER, J. The complaint was for the conversion of goods alleged to belong to the firm of Church & Sleight, upon which the respondents were entitled to a credit, leaving a balance of $56.08 due appellant, which cause of action was by Church & Sleight assigned to appellant. The answer was, in effect, a general denial, and asks for a dismissal of the complaint. From the return it appears that William Lang & Co., of Brooklyn, had, for some years previous to May 1, 1891, manufactured for the firm of Montgomery & Co., which then consisted of George W. Montgomery, one of the respondents in this action, and George W. Church, one of the plaintiff's assignors, a patented machine known as the "Church Double Speed Indicator." On the 1st May, 1891, the partnership between Montgomery and Church expired by limitation, and the respondents formed a copartnership under the firm name of Montgomery & Co., and the plaintiff's assignor, Church, formed copartnership with Sleight under the firm name of Church & Sleight. Previous to this 1st of May, the plaintiff's assignor, Church, on behalf of his firm, entered into an agreement with Lang & Co., whereby they were to furnish to the latter firm the steel necessary for the manufacture of the indicators, and the latter firm agreed to manufacture them exclusively for the firm of Church & Sleight.

After this arrangement had been made, the new firm of Montgomery & Co. applied to Lang & Co. to make the same article for them, and were informed by the latter of their agreement to make exclusively for Church & Sleight, and that the machines could not be made for or sold to the new firm of Montgomery & Co. It further appeared that on or about the 28th day of May, 1891, the shipping clerk of Lang & Co., by mistake, marked a box containing 100 of the machines to Montgomery & Co., and gave the same to the carman, who, in accordance with the mark, delivered them to Montgomery & Co. about 1.30 P. M. on the same date. Within a short time thereafter the firm of Church & Sleight notified the respondents of the mistake, and demanded the return of the goods, which was refused. They kept the goods and used them in their business. It also appears that before the cause of action was assigned to the appellant the firm of Church & Sleight had purchased from the respondents in this action goods to the amount of $43.92, which they credited upon the value of the indicators, assigning, as before stated, the balance only of $56.08. We think it clear from these facts that the appellant was entitled to recover, for the machines did not belong to Lang & Co., but to appellant's assignors. It was proved, and not denied, that the goods were delivered to respondents by mistake. The subsequent notice of the mistake and demand for the return of the goods, and its refusal, amounted to a conversion. Conversion is the unauthorized assumption and exercise of the right of ownership over the goods of another, to the exclusion of the rights of the owner. *Laverty* v. *Snethen*, 68 N. Y. 524; *Pease* v. *Smith*, 61 N. Y. 477. The contention of the defendant that the delivery of the goods and the memorandum made to defendants, gave them authority over the goods, or right to retain them, is not well founded. A plaintiff may deliver bills for goods, and still maintain trover. *Richard* v. *Wellington*, 66 N. Y. 308. The plaintiff was an assignee of a claim merely, hence there could be no judgment against him for a claim against the assignors. *Pendleton* v. *Johnson*, (Super. N. Y.) 18 N. Y. Supp. 211, does not sustain plaintiff's contention, for in that case the judgment was for costs only, which was authorized by section 3247 of the Code. It is a novel contention that an assignee of a claim can be held for the debt of the assignor, and we know of no authority to support it. Besides, no counterclaim was set up in the answer, and there can be no recovery by way of counterclaim where there is no demand for affirmative relief in the answer. *Read* v. *Decker*, 5 Hun, 646, affirmed 67 N. Y. 182. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.