PACKARD v. PACKARD.

(Supreme Court, Appellate Division; Fourth Department. November 17, 1903.)

1. DIVORCE—SEPARATION FROM BED AND BOARD—TRIAL BY JURY.

The provisions for a jury trial contained in Code Civ. Proc. § 1753, relative to the annulment of a void or voidable marriage, and section 1757, relative to absolute divorce, do not apply to an action for separation under section 1762, art. 3, and, as that section contains no provision for a jury trial, nor is there any such provision in the Constitution or statutes, a party to an action for separation is not entitled to a jury trial under section 970, directing questions of fact to be stated for trial by jury where a party is entitled by the Constitution or express provision of law to such trial.

2. SAME.

The fact that the validity of the marriage is involved in such an action, and may be determined by final judgment, does not change the character of the action.

Appeal from Special Term, Onondaga County.

Action to obtain a bill of separation by Mary W. Packard against Moses Packard. From an order denying a motion for the submission of the issues and questions of fact to the jury, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

D. Raymond Cobb, for appellant.
T. E. Hancock, for respondent.

McLENNAN, P. J. We have concluded that the power of the court in making the order appealed from, so far as it was discretionary, was not improperly exercised. Therefore the only question presented by this appeal which requires examination is whether or not the plaintiff in an action for separation is entitled, as matter of right, to have the issues of fact tried by a jury. There is no statutory provision which in express terms entitles the plaintiff, as of right, to have such issues tried in that manner. Section 968 of the Code of Civil Procedure provides that an action of ejectment, for dower, for waste, for a nuisance, to recover a chattel, or in which the complaint demands judgment for a sum of money only, must be tried by a jury. Section 1753 of the Code provides that in an action brought to annul a void or voidable marriage, "except where it is founded upon an allegation of the physical incapacity of one of the parties thereto, the court must, upon the application of either of the parties, make an order directing the trial by a jury of all the issues of fact; or it may, of its own motion, make an order directing the trial by a jury, of one or more issues of fact, for which purpose the questions to be tried must be prepared and settled as prescribed in section nine hundred and seventy of this act." Section 1757 provides that in an action for a divorce "divorcing the parties and dissolving the marriage," "if the answer puts in issue the allegation of adultery the court must, upon the application of either party, or it may of its own motion, make an

order directing the trial by a jury of that issue." · Section 970 provides:

"Where a party is entitled by the Constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section nine hundred and sixty eight of this act, he may apply, upon notice, to the court, for an order directing all the questions, arising upon those issues, ·to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application, the court must cause the issues to the trial of which, by a jury, the party is entitled, to be distinctly and plainly stated."

So far as we have been able to discover, the sections referred to contain the only statutory provisions bearing upon a party's right to a jury trial in matrimonial actions. Article 3 of the Code (section 1762) is the only statutory authority for bringing an action for a separation. It is defined as an action "to procure a judgment, separating the parties from bed and board forever, or for a limited time"; and the causes for which such an action may be maintained are set forth. The article contains no provision which requires the issues in such an action to be tried by a jury. It is evident that there is no statute requiring the issues in an action for a separation to be tried by a jury, unless it is found in section 970 of the Code. Whether a jury trial in such an action is made necessary by that section depends upon whether or not a trial by jury had been used in such cases prior to the adoption of the Constitutions of the state. The first Constitution, which was adopted in 1777, contained the following provision:

"Sec. 41. And this convention doth further ordain, determine, and declare, in the name and by the authority of the good people of the state, that trial by jury, in all cases in which it hath heretofore been used in the colony of New York, shall be established, and remain inviolate forever."

This provision has, in effect, been carried into all the subsequent constitutions, and in the present Constitution is as follows:

"Article 1, § 2. The trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever."

On the 25th of February, 1813, by chapter 4 of the Laws of 1813, p. 326, § 5, it was provided as follows:

"Sec. 5. And be it further enacted, that all issues upon legality of marriage, and upon pleas or allegations of general or special bastardy, shall be tried by the country and not otherwise."

Upon the adoption of the Revised Statutes in 1829 that section was amended so as to read as follows:

"All issues upon the legality of a marriage, except where a marriage is sought to be annulled upon the ground of physical incapacity, shall be tried by the country, and the chancellor shall award a feigned issue for the trial thereof."

2 Rev. St. (1st Ed.) p. 175, pt. 3, c. 1, tit. 2, § 45.

Subsequently, by chapter 417, p. 468, of the Laws of 1877, many of the provisions of part 3, c. 1, tit. 2, of the Revised Statutes, were repealed, but upon examination of that chapter it will be observed that section 45, above quoted, was expressly excepted from the operation of that act, and that the same was incorporated into the Code of Civil Procedure, with but slight modification in its terms, as section 1753. Laws 1877, p. 468, c. 417; Code Civ. Proc. § 1753. The first law in

this state allowing a limited divorce or separation was passed on the 30th day of April, 1813, and it is therefore clear that the statute passed on the 25th day of February previous, giving the right of trial by jury, could not refer to the trial of issues in an action for separation. An examination of the Code of Civil Procedure and of the prior statutes leads us to conclude that the provisions relating to the trial of issues by a jury referred to actions brought for the annulment of a marriage, or for an absolute divorce, and do not apply to an action for separation.

So far as we have been able to discover, at no time in the history of the state since an action for separation was authorized has there been any statutory provision requiring the issues in an action for limited divorce to be tried by a jury, and therefore the provisions of the Constitution referred to cannot be held to confer such right upon a party. This is not an "action to annul a void or voidable marriage," and is not brought under the provisions of the Code relating to such an action. It is purely and simply an "action for a separation," under article 3 of the Code, which, as we have seen, contains no provision requiring the issues in such an action to be tried by a jury. The fact that the validity of the plaintiff's alleged marriage with the defendant is involved and may be determined by the final judgment does not in any manner change the character of the action. In order to succeed, the plaintiff must establish that she is the wife of the defendant, and must prove facts which, under section 1716 of the Code, entitle her to a judgment separating the parties from bed and board forever, or for a limited time; otherwise her complaint must be dismissed. The judgment will not annul the marriage because "void or voidable." It will not divorce the parties, and dissolve the marriage, but, if the plaintiff succeeds, will only separate the parties from bed and board. We conclude that in such an action the plaintiff is not, as matter of right, entitled to have the issues tried by a jury. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.