(159 App. Div. 575.)

WISE v. WISE.

(Supreme Court, Appellate Division, Second Department. December 5, 1913.)

1. DIVORCE (§ 144*)—ACTION FOR SEPARATION—STATUTE—CONSTRUCTION—JURY TRIAL.

Code Civ. Proc. § 1757, giving to either party the right to have the issues of adultery tried by a jury, applies only to actions for divorce, and not to an action for separation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 484–487; Dec. Dig. § 144.*]

2. DIVORCE (§ 144*)—ACTION FOR SEPARATION — COUNTERCLAIM — ADULTERY — JURY TRIAL.

While Code Civ. Proc. § 1757, providing for a jury trial of the issues of adultery, applies only to actions for divorce, yet as a defendant can, under Code Civ. Proc. § 1770, in an action for separation, set up by counterclaim the plaintiff's adultery, and demand an absolute divorce, he is entitled to a jury trial of such issues.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 484–487; Dec. Dig. § 144.*]

3. DIVORCE (§ 101*)—COUNTERCLAIM.

An answer, in an action for separation, which alleged as a further separate and distinct defense that plaintiff had committed adultery, and demanded judgment of dismissal, was not a counterclaim, since it was not specifically denominated such, nor did it pray for affirmative relief.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 322–327; Dec. Dig. § 101.*]

Appeal from Special Term, Kings County.

Action for separation by Clara L. Wise against Charles L. Wise. From an order denying his motion to frame issues of adultery for trial by jury, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Henry J. Goldsmith, of New York City, for appellant.
Joseph H. Krakower, of New York City, for respondent.

STAPLETON, J. Plaintiff, the wife, sued defendant, her husband, for a separation on the ground of cruel and inhuman treatment. The answer states:

"For a further separate and distinct defense the defendant alleges:   *   *   *
"III. Upon information and belief that between the 1st day of January, 1908, and the 1st day of November, 1912, at divers places within the city of New York, state of New York, and in the city of Philadelphia and state of Pennsylvania and at other places unknown to the defendant, but at what particular times and places the defendant is unable to state, the plaintiff has

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

committed adultery with one or more men whose names are unknown to the defendant. * * *

"Wherefore defendant demands judgment that the complaint be dismissed with costs."

The defendant moved for an order "directing that the issues of adultery raised by the defendant's answer" be tried by a jury. From the order denying the motion the defendant appeals.

The defendant contends: (1) That "section 1757 of the Code expressly gives either party the right to have the issues of adultery * * * tried before a jury"; (2) that the so-called defense was clearly intended as a counterclaim, and that upon proof of the allegations of adultery the defendant is entitled to a decree of absolute divorce; and (3) that the right to have issues of adultery tried by a jury is not restricted to a case where the issue is raised by a complaint or a counterclaim, but must be deemed to include a case where the issue is raised "as a material defense to an action."

[1] Section 1757 gives either party the right to have the issues of adultery tried in an action for divorce. It does not apply to an action for a separation. Packard v. Packard, 88 App. Div. 339, 342, 84 N. Y. Supp. 1090. That section is incorporated in article second, entitled "action for a divorce." In article third, which provides for an "action for a. separation," there is no provision for a trial by jury.

[2] But the issues of adultery, raised by the interposition of a counterclaim, may, under section 1770, be tried by a jury in an action for a separation. Section 1770 reads as follows:

"Section 1770. (Am'd, 1881.) What is deemed a counterclaim. Where an action is brought by either husband or wife, as prescribed in either of the last two articles, a cause of action, against the plaintiff and in favor of the defendant, arising under either of said articles, may be interposed, in connection with a denial of the material allegations of the complaint, as a counterclaim."

This section is embodied in article fourth, entitled "Provisions applicable to two or more of the actions specified in this title." "The last two articles," alluded to in the section, are the articles captioned "Action for a Divorce" and "Action for a Separation," respectively.

In Van Benthuysen v. Van Benthuysen, 2 N. Y. Supp. 238, the court (Mayham, J.) said:

"Prior to the enactment of chapter 703 of the Laws of 1881, amending section 1770 of the Code of Civil Procedure, it seemed well settled on authority .that the defendant in an action of this character [action for a separation] could not set up the adultery of the plaintiff as a counterclaim, and demand judgment for the dissolution of the marriage contract" (citing cases). "By the enactment of that amendment, a radical change was effected in the provisions of section 1770. * * * By that amendment the words in said section, 'the same articles,' were stricken out, and the words, 'either of said articles,' were substituted in their stead, so that facts which before the amendment were good as a counterclaim to one of said actions were extended to and become good as a counterclaim to either of said kinds of actions when accompanied by a denial of the allegations of the complaint. * * * It follows, therefore, that the allegations of adultery in the answer, if properly made, constitute a counterclaim on which the defendant may demand judgment for an absolute divorce."

[3] If in this case, therefore, the defendant properly set up, as a counterclaim, the plaintiff's adultery, he is entitled to have that issue determined by a jury. He says it was clearly intended as a counterclaim. However clear the intention, it was not clearly expressed; it was not, in fact, expressed at all.

(a) The answer does not specifically denominate the defense a counterclaim.

In Bates v. Rosekrans, 37 N. Y. 409, 412, the court said:

"I think the answer given by the court below is also a sound one, to wit, that the pleading does not purport to be a counterclaim. It designates itself as 'a further defense' simply, and there rests. No particular form of words is necessary to make a pleading a counterclaim; and, if the party had, in any reasonable language, intimated that he intended to make a personal claim in his own favor against the plaintiff, it would have been sufficient. The ordinary and most satisfactory form of giving that intimation is by a statement that the pleading is a counterclaim, or by a prayer for relief."

In Fulton Co. G. & E. Co. v. Hudson River T. Co., 200 N. Y. 287, 291, 93 N. E. 1052, 1053, it was said:

"Under the provisions of the Code of Civil Procedure, which prescribe the fabric and regulate the exercise of a counterclaim, the facts alleged as a counterclaim must be sufficient to constitute a perfect cause of action in favor of the defendant and against the plaintiff, and to sustain the judgment against the plaintiff which the defendant thereby seeks *and must demand.* Sections 501, 509. They must be alleged as a counterclaim in order that they shall not be deemed a mere defense."

And in Equitable Life Assurance Society v. Cuyler, 75 N. Y. 511, 514:

"As a distinction exists between a defense and a counterclaim, when the defense is intended as a counterclaim it should be explicitly stated in the answer, so as to advise the opposite party; and, in the absence of such an allegation, especially when the party defines and characterizes his answer as a defense, and it is uncertain whether a counterclaim is intended, such party is not in a position to insist that he has actually set up a counterclaim, and the answer should be construed and considered as a defense."

(b) The answer does not contain a prayer for affirmative relief. The relief demanded is purely negative, such a demand as usually accompanies a defense merely; i. e., the dismissal of the complaint.

"There can be no recovery by way of counterclaim where there is no demand for affirmative relief in the answer." Montanye v. Montgomery (Com. Pl.) 19 N. Y. Supp. 655.

"Where the defendant deems himself entitled to an affirmative judgment against the plaintiff, by reason of a counterclaim interposed by him, he must demand the judgment in his answer." Section 509, Code of Civil Procedure.

The order should be affirmed, with $10 costs and disbursements. All concur.